S. R. BOWMAN, Appellant, v. PHELPS COUNTY.—51 S. W. (2d) 3.

Division Two, June 10, 1932.

*E. W. Allison* for appellant.

*Lorts & Breuer* for respondent.

WESTHUES, C.—This case originated in Phelps County, by plaintiff filing an account with the clerk of the county court for allowance against the county and in favor of plaintiff for two days' services, as school attendance officer, at the rate of three dollars ($3.00) per day. The county court disallowed the claim. Plaintiff appealed to the circuit court and the case was tried *de novo*, by the court, without a jury, and judgment entered for defendant. Plaintiff was granted an appeal to the Springfield Court of Appeals. The cause was transferred to this court for the reason that in cases wherein a county is a party, the Supreme Court has appellate jurisdiction.

Respondent holds that this court is without jurisdiction and asks in its brief that the appeal be dismissed, since neither the affidavit for appeal nor its substance is copied in the printed abstract of the record, as required by Section 1028, Revised Statutes 1929, and Rule Thirteen of this court. The record proper, as printed in the abstract, shows the filing of an affidavit for appeal. The bill of exceptions contains the following:

"And afterwards, to-wit: At the December, 1929, adjourned term, of the said Circuit Court of Phelps County, Missouri, and on the 21st day of January, 1930, the plaintiff, S. R. Bowman, filed his application and affidavit for an appeal in said cause; which said application and affidavit for appeal, being taken up, considered, and adjudged to be sufficient, it is ordered by the court that the plaintiff, S. R. Bowman, be allowed an appeal in said cause to the Springfield Court of Appeals."

In the cases of State ex rel. Brown v. Broaddus, 216 Mo. 336, 115 S. W. 1018, and Elliott v. Delaney, 217 Mo. 14, 116 S. W. l. c. 497 (2), this was held to be a sufficient showing that a proper affidavit for an appeal had been filed so as to confer jurisdiction upon the appellate court. Respondent does not contend that in fact a sufficient affidavit was not filed. Therefore, we will rely upon the circuit court's finding that, under the statute, the affidavit filed was sufficient.

The undisputed evidence in the case reveals that plaintiff was appointed school attendance officer for Phelps County, Missouri, by the superintendent of public schools of the county. The order of the county court with reference to the appointment reads as follows:

"Now at this day comes James Hess, county superintendent of public schools and files his appointment of S. R. Bowman as attendance officer for Phelps County, and fixes his salary at $3.00 per day and expenses, which appointment is by the court approved."

Plaintiff filed a bond and an oath of office, as required by Section 9435, Revised Statutes 1929. Plaintiff was acting as attendance officer at the time the alleged services were rendered for which he seeks payment in this suit. It was admitted at the trial that the St. James Consolidated School District in Phelps County had no school attendance officer appointed by the board of education, as provided in Section 9435, supra. Services, for which plaintiff seeks payment, were performed in the St. James school district, above mentioned. The county court had previously paid plaintiff for similar services, performed in the St. James district. The county court notified the superintendent of county schools that the county would refuse to pay the school attendance officer for any services performed in the St. James and Rolla school districts after September 1, 1929. The services, for which payment is sought, were performed during the month of September, 1929.

At the trial in the circuit court, J. E. Rowland, one of the county judges, testified that plaintiff's bill was not allowed, for the reason that the court had notified the superintendent of schools that the attendance officer would not be paid for any future services rendered in Rolla and St. James. This was substantially the only defense offered.

The statement of the account consisted of an itemized account, certified, by plaintiff, to be correct and approved by the county superintendent of schools. The superintendent testified that he had directed plaintiff to perform the duties of attendance officer in the St. James and Rolla school districts.

At the conclusion of the case, plaintiff requested the court to make a written finding of facts. The court thereupon made the following finding:

"By the Court: The court finds the question of facts in this case as follows: That there was no attendance officer appointed, and no salary fixed for the attendance officer, and no proper bill for services has been or could be filed requiring the county court to pay the attendance officer any sum as a salary."

Section 9435, Revised Statutes 1929, provides in part as follows:

"The county superintendent of schools in each county shall select a person of good moral character to act as school attendance officer for the county. The person so selected shall file with the clerk of the county court his acceptance and oath of office and bond of one thousand dollars ($1,000) with two sufficient sureties to be ap-

830

proved by the county clerk. The persons so selected shall be known as the county school attendance officer and he shall have the power of a deputy sheriff in the performance of the duties of school attendance officer in all school districts of the county when directed so to do by the county superintendent of schools, except as hereinafter provided: *Provided,* that the board of education in school districts organized under the provisions of Article 4, Article 16 and Article 17, of Chapter 57, Revised Statutes 1929, may appoint and remove at pleasure one or more school attendance officers and shall pay them from the public school funds; *and provided further,* that; if any board of education in any school district organized under the provisions of the aforesaid articles does not appoint a school attendance officer, the county school attendance officer shall act in such district. The compensation of the county school attendance officer shall be fixed by the county court of each county on recommendation of the county superintendent of schools: . . ."

The plaintiff, so long as he was the attendance officer, was bound, under his oath of office, to obey the mandate of the statute, which required him to act as attendance officer in the St. James school district, as well as in other school districts of the county. The county court was without power to direct plaintiff to disregard his duty. The section of the statute, above quoted, placed plaintiff under the direction of the county superintendent of schools and, therefore, he was bound to act in his official capacity in the St. James district, when directed to do so by the superintendent.

■ The record discloses that plaintiff was selected by the county superintendent of schools. The compensation was fixed at three dollars ($3) per day. The county court, by an order of record, approved the appointment and also mentioned the salary to be paid. This was a substantial compliance with the statute and sufficient to clothe plaintiff as attendance officer.

Therefore, the trial court was in error in holding "that there was no attendance officer appointed, and no salary fixed for the attendance officer" and consequently holding that no proper bill could be filed against the county for the payment of a salary for such an officer.

The judgment of the circuit court is reversed with instruction to enter judgment for plaintiff in the amount asked for in his account. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All of the judges concur.