BROWN MOTOR SALES COMPANY, A CORPORATION, RESPONDENT, v. C. DAUGHERTY, APPELLANT.—107 S. W. (2d) 179.

St. Louis Court of Appeals. Opinion filed June 29, 1937.

952

*J. Grant Frye* and *H. Howard Frye* for appellant.

*Frank A. Lowry* for respondent.

HOSTETTER, P. J.—This case originated in a Justice of the Peace Court in Cape Girardeau County, on April 27, 1935.

The suit was one in replevin for possession of a certain described Plymouth sedan alleged to be of the value of $25 and judgment was asked for its possession, together with $64.20 damages.

The statement and affidavit filed by plaintiff was patterned after the form prescribed by Section 2550, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 2550, p. 2546) and was made on a printed blank with certain parts written in with pen and ink, with the ludicrous result that the plaintiff, an Illinois corporation, was referred to as being of the masculine gender by the use of the words "he," and "his," in referring to plaintiff and to plaintiff's alleged ownership of the Plymouth sedan.

The affidavit, required by Section 2549, Revised Statutes of Missouri, 1929, to verify the statement, was unsigned.

The justice issued an order of delivery and summons and delivered it to the constable.

On May 8, 1935, defendant appeared and filed an answer and counterclaim, the answer being a general denial of the allegations in the plaintiff's petition and alleging ownership of the Plymouth sedan and demanding a return thereof. The counterclaim contained allegations that on March 18, 1935, defendant was in possession of a certain truck and trailer which was encumbered by a chattel mortgage held by the Illinois Bond and Investment Company and that on said day plaintiff acquired possession of said truck and trailer by wanton, unlawful, malicious and oppressive disregard of defendant's rights and unlawfully converted said truck and trailer to its own use and disposed of same to defendant's damage in the sum of $250, for which amount defendant prayed judgment against plaintiff.

Upon a trial before the justice and a jury, the latter returned a verdict in favor of the plaintiff on its petition for the Plymouth sedan, but allowed no damages, and in favor of defendant on his counterclaim fixing the amount of his recovery at $250, and the justice rendered a judgment in accord with the verdict of the jury, whereupon plaintiff in due time perfected its appeal to the Cape Girardeau Court of Common Pleas.

After the cause reached said common pleas court the plaintiff, on July 23, 1935, filed a demurrer to defendant's said counterclaim on the ground that it failed to state facts sufficient to constitute a cause of action against plaintiff, which was, after argument by the respective attorneys, sustained by the court on August 2, 1935, and said counterclaim was dismissed, the record entry closing as follows:

". . . . It is therefore ordered, adjudged, and decreed by the court that defendant take nothing by his Counterclaim and that said counterclaim be dismissed."

Thereupon on August 9, 1935, defendant filed a motion to strike out the plaintiff's petition on the following grounds, viz.:

"1st, the petition fails to state any facts sufficient to confer jurisdiction *in rem* in the Justice Court or any derivative jurisdiction in this court.

"2nd, this court is without jurisdiction *in rem* or any matter pertaining to plaintiff's petition.

"3rd, the petition fails to state facts sufficient to constitute a cause of action.

"4th, the petition is so wholly insufficient as to preclude amendment."

Thereafter on August 30, 1935, the court sustained said motion to strike, making the following record entry in respect thereto, viz.:

"And now on this day come the parties herein by their respective attorneys, and this cause coming on to be heard upon the motion of defendant to strike plaintiff's petition herein, and the court being fully advised in the premises, doth sustain said motion and orders said cause dismissed, to which action of the court, plaintiff objects and excepts at the time; it is therefore considered, ordered and adjudged by the court that plaintiff take nothing by his writ, and that defendant go thereof without day and recover of and from the plaintiff his costs and charges in his behalf expended, and that execution issue therefor."

Thereafter on August 30, 1935, defendant filed a motion to set aside the order of court sustaining the demurrer to his counterclaim on the ground that "said order is erroneous on the face of the record in view of the court's holding that the petition was wholly a nullity."

Thereafter on September 27, 1935, the court, by an order of record, overruled defendant's said motion to set aside the order of court previously made sustaining plaintiff's demurrer to defendant's counterclaim.

Thereafter, on November 7, 1935, defendant offered to file his amended answer and counterclaim, the counterclaim being practically in the same language as that which the court had dismissed on August 2, 1935, following the sustention of the demurrer of plaintiff filed thereto.

The court, on November 7, 1935, refused to allow defendant to file such amended answer and counterclaim, giving reasons therefor by an order of record, which reasons may be summarized as follows:

"There is at this time no cause of action pending in which a counterclaim can be filed because of the original replevin suit in which this amended counterclaim is sought to be filed—heretofore been dismissed by this court and an appeal taken from such dismissal—(and) —the original counterclaim which defendant seeks to amend has heretofore been dismissed by order of the court—(and)—the matters set

out in said amended claim are not such to be proper subject of a counterclaim to the original replevin suit because the amended counterclaim does not arise out of the same transaction, nor is it connected with the same subject matter. The amended counterclaim—contains in substance the same matter set out in the original counterclaim, which has heretofore been dismissed—because it showed—that the matter set forth therein was not proper subject of counterclaim. The justice of the peace had no jurisdiction—and this court could not have derivative jurisdiction, and jurisdiction of counterclaim cannot be acquired by reason of the fact that it is filed in an original cause which was a nullity from beginning—and, defendant refusing to plead further, it is adjudged and decreed by the court that defendant take nothing by reason of his counterclaim."

Defendant thereupon duly perfected his appeal to this court.

It is the contention of counsel for the appealing defendant that the petition, or statement in replevin, filed before the justice, was a nullity in that, by reason of the lack of an affidavit, it conferred no jurisdiction on the justice and that it was so fatally defective that it could not be amended and that his alleged counterclaim was merely a suit which could be heard in the circuit court notwithstanding it was filed as a counterclaim in the justice of the peace court.

It is the contention of counsel for plaintiff (respondent) that the appeal taken by the defendant from the common pleas court was premature and not from a final judgment, and, therefore, that the appeal should be dismissed.

We have reached the conclusion that the contention of counsel for both sides is untenable. Section 777, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 777, p. 1022) of the general code, reads as follows:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: First, a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action; second, in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. They must each be separately stated, in such manner that they may be intelligibly distinguished, and refer to the cause of action which they are intended to answer."

Section 2218, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 2218, p. 2400) relating to procedure in justice courts, reads as follows:

"A defendant may set off any demand he has against the plaintiff: Provided, he owned it at the commencement of the action, except where the demand to be set off exceeds the jurisdiction of a justice's court: Provided further, that all counterclaims allowed by the Revised Statutes of Missouri in courts of record may be pleaded in all actions before justices of the peace, except equitable defenses and where the amount involved does not exceed the jurisdiction of such justices' courts."

There is no question but that the lack of an affidavit to the petition in the justice court rendered the petition incapable of conferring jurisdiction on the justice of the peace and was beyond amendment in the circuit court. However, it will be noted that the defendant answered this defective petition in replevin in the justice of the peace court and also included in the answer a counterclaim.

In the answer the defendant averred ownership of the property described in the petition or complaint and demanded return thereof, and also damages, and denied each and every other allegation in the petition. Then he set out his counterclaim, which was an action for damages growing out of the alleged unlawful taking of possession by plaintiff of a truck and trailer, a matter entirely unrelated to the claim of plaintiff as set out in its petition for possession of the Plymouth sedan.

It is conceded by counsel for the defendant that the counterclaim had no connection at all with the petition and that it related to an entirely different matter to anything set up in the petition.

The opinion in the case of McCormick Harvesting Co. v. Hill, 104 Mo. App. 544, was written by the late Judge Goode and is a very exhaustive and instructive review and a learned discussion of the holdings not only of the courts of Missouri, but of many foreign courts. That case has many points of similarity to the instant case. It was a replevin suit instituted before a justice of the peace for the recovery of a wheat binder which the plaintiff had sold to the defendant and for the purpose of securing payment for same it held defendant's three promissory notes secured by chattel mortgage on live stock. The defendant filed an answer containing a general denial and also a counterclaim. The plaintiff then dismissed its action, but the justice proceeded to hear testimony and, after the hearing, adjudged that the plaintiff take nothing by its suit, but that defendant recover the property described in plaintiff's statement, and also found for defendant on his counterclaim in a sum equal to plaintiff's demand. Plaintiff appealed. In the circuit court the jury returned a verdict in favor of defendant in the sum of $85.50. The plaintiff appealed to this court and the judgment of the circuit court was affirmed.

In the course of the opinion it was held that a counterclaim was proper to be set up against the plaintiff in an action of replevin not-

withstanding there had been many decisions of other courts to the contrary; but it was expressly stated that such doctrine obtains in most jurisdictions, including Missouri, and the idea was stressed that most of the cases reviewed in that opinion point to a disposition on the part of the courts to adopt a broader view than was formerly taken of the right of counterclaims in actions of replevin and actions of tort generally; that this view was taken with the idea of settling all controversies possible to be settled in one action. But notwithstanding this laudable result sought to be obtained by more recent and more liberal opinions a very suggestive and significant question is asked and answered, which is as follows: ''does the asserted counterclaim arise out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or is it connected with the subject of the action? *It must fulfill one of these contingencies, as this is not a case on a contract.*'' (Italics are ours.)

Here the similarity between the two cases disappears. In the case cited it was held that the counterclaim arose out of the transaction of sale of the wheat binder by plaintiff to the defendant, therefore met that condition fully, whereas, in the instant case, the counterclaim interposed against the replevin suit had no connection whatever with the matters set out in the petition, but referred to another and different alleged tort, to-wit: the alleged acquisition of possession by the plaintiff of a truck and trailer by ''wanton, unlawful, malicious and oppressive disregard of defendant's rights.'' In fact, counsel for the defendant, in the instant case, concede that the matters set up in his counterclaim had no connection at all with the matters contained in the plaintiff's petition in replevin.

The McCormick Harvesting Company, case, *supra,* was promulgated in 1904 and in 1927, was referred to by our Supreme Court, in discussing counterclaims, in the case of Friel v. Alewel, 318 Mo. 1, loc. cit. 10, in the following approving language, viz.: ''It is useless to attempt to enlarge or elaborate the discussion of Goode, J., in McCormick Harvesting Co. v. Hill, 104 Mo. App. 544, 79 S. W. 745, on the subject.''

In the instant case, upon the filing of the petition, or statement, in replevin, the justice of the peace issued an order of delivery and a summons for defendant to appear on the 8th day of May, 1935, to answer the complaint of plaintiff. While the record does not show affirmatively that the defendant was summoned by the constable, but on the generally accepted theory that officers are presumed to perform their duties, it would logically follow that defendant was duly summoned to appear on the 8th day of May and answer plaintiff's complaint. Counsel for defendant, however, claim that the defendant's appearance was a voluntary one and that the filing of his counterclaim was equivalent to bringing a separate suit against the plaintiff, which would survive and be triable in the event the petition was void

on account of its lack of affidavit. The form of defendant's answer shows that he was pleading to a replevin suit as set out in plaintiff's statement, or petition.

In the record brought before us, it does not appear that the defendant made any attack in the justice of the peace court on the form of plaintiff's petition, nor any suggestion that it was a nullity because of no proper affidavit.

There have been a number of contradictory opinions in this state, growing, largely, out of the difference in the statute between actions in replevin in the circuit court and the statute governing such actions before a justice of the peace. As pointed out in the case of White v. Grace, 192 Mo. App. 610, l. c. 612, the statute in reference to actions in replevin in the circuit court is wholly unlike the statute governing such action before a justice of the peace, the former authorizing such action by merely filing a petition without the affidavit, but the statute in actions of replevin before a justice of the peace is to the effect that there can be no such action except upon affidavit; that, in point of fact, the affidavit stands for the statement of the cause of action.

However, even though the petition in the instant case be regarded as a nullity and as conferring no jurisdiction upon the justice of the peace, and, consequently, no jurisdiction on the part of the common pleas court, it is significant that in the McCormick Harvesting Company case, *supra*, no objection was made in the opinion about the justice of the peace proceeding to hear the cause after plaintiff had dismissed his suit. That put the replevin question out of the way as effectually as if the petition had been rendered void and a nullity because of a lack of affidavit.

We think, that in respect to the instant case, when it was appealed from the justice court to the common pleas court and plaintiff filed a demurrer to the counterclaim that the trial court correctly sustained the demurrer and dismissed the counterclaim on the ground, among others, as set out by him that the counterclaim did not arise out of the matters set out in the original statement or petition in replevin. We are also of the opinion that there was sufficient finality of the judgment rendered in the trial court to authorize the defendant to appeal therefrom.

It follows therefore, that the action of the trial court on the counterclaim should be affirmed, and, it is so ordered.

*Becker* and *McCullen, JJ.*, concur.