RISS & COMPANY, INC., a Corporation, Defendant in Error, v. J. L. WALLACE, Plaintiff in Error.—No. 38310.—171 S. W. (2d) 641.

Division One, April 6, 1943.

Rehearing Denied, May 4, 1943.

*Homer A. Cope, Cope & Hadsell, L. V. Copley* and *Walter A. Raymond* for plaintiff in error.

1210

*M. D. Campbell* and *M. D. Campbell, Jr.,* for defendant in error.

 CLARK, J.—This case is here on writ of error from the circuit court of Jackson County. The judgment was for plaintiff

and defendant sues out the writ. The parties will be hereafter referred to as plaintiff and defendant.

Plaintiff's amended petition, on which the case was tried, is in two counts, preceded by a paragraph stating that on April 30, 1937, the parties entered into certain contracts later described; then follows count one which states an ordinary claim in replevin for seven motor vehicles, alleging their value; that plaintiff is the owner and entitled to possession and defendant unlawfully detains them. In count two it is alleged that by the contract of April 30 plaintiff leased the motor equipment described in the first count to defendant on specified terms, and by separate written agreement employed defendant to use said equipment in hauling for plaintiff on terms and conditions set out; it is alleged that the contracts have been terminated, that defendant breached them by failing to return the equipment in good repair, to plaintiff's damage in the sum of $1,507.50 and by failing to pay for oil, gas and necessary repairs, to plaintiff's damage in the sum of $494.62, for which sums plaintiff asks judgment.

Defendant's answer to count one was a general denial, coupled with a counterclaim alleging: that on April 30, 1937, he entered into a contract to purchase from plaintiff certain equipment including that described in count one of plaintiff's petition for the sum of $10,233.50, on which he made a down payment and gave notes secured by chattel mortgage for the balance; that defendant has paid the full purchase price, but, although frequent demands have been made, at the time of the contract and ever since plaintiff has "willfully, fraudulently and unlawfully failed to deliver to defendant certificates of title to said equipment, as required by law," and defendant asks actual damages in the sum of $8,750.00 and punitive damages in the further sum of $15,000.00. Defendant attached the contract of purchase to his answer as an exhibit. To count two defendant's answer is a general denial coupled with a counterclaim, alleging that on April 30, 1937, and thereafter, he entered into contract to purchase from plaintiff the equipment described in count one and to lease certain other equipment and plaintiff agreed to pay him a certain consideration for hauling; that plaintiff has unlawfully withheld from defendant money due for his services in the sum of $16,732.50, for which, with interest, he asks judgment. The answer further alleges that defendant protested the action of plaintiff in withholding money due him and demanded the same; that any money paid him was accepted on account and not in full payment, and because he was informed by plaintiff that unless he accepted same his contract would be terminated and his equipment taken away.

Plaintiff filed a motion to strike the counterclaim to the first count because: (1) it failed to state a cause of action; (2) it did not arise out of the contracts or transactions set forth in the petition; (3) the contract alleged therein is illegal and the making thereof a crim-

inal offense. This motion was sustained by the court. Then plaintiff filed reply denying the allegations of the answer and alleging that plaintiff and defendant periodically settled their mutual accounts about every two weeks and all have been finally settled except the sum sued for in the second count of the petition.

The trial was to a jury. At the close of the evidence the court, on plaintiff's request, gave peremptory instructions for the jury to find for plaintiff on count one, on the counterclaim to count two, and for nominal damages, at least, on count two. Plaintiff recovered verdict and judgment for the recovery of the property as prayed in count one and for the sum of $495.62 under count two.

In this court defendant filed a motion to quash the writ of error on the grounds: that the petition for the writ fails to state sufficient facts, fails to show that the circuit court committed error, fails to state any fact showing the judgment erroneous, the allegation of ''manifest error'' being merely a legal conclusion. Without setting out the petition for the writ, we find that it ▮▮▮▮ fully and correctly states the style of the case, the names of the parties, the day and term the judgment was rendered, that the judgment was a final judgment, the interest of defendant in having the case reviewed, and alleges that error was committed against the defendant at the trial. After the issuance and service of the writ a duly certified copy of the judgment of the circuit court was filed here. We hold the application for the writ was sufficient and the motion to quash is overruled.

In its brief plaintiff has included a motion to dismiss the writ of error on the following grounds: (1) that the printed abstract does not show record entries of the filing of a petition, answer or counterclaim in the trial court; (2) that said abstract does not show that a petition or application for a writ of error was filed in this court nor the recitals of such petition or application. The motion also contains objections to the statement of facts and assignments of error contained in defendant's brief.

The printed abstract does not set out the record entries of the filing of the various pleadings, but as to each pleading it states the fact and date of filing and that same was done by leave of court. No objections were filed to the abstract under our rules 11 and 13, and there is no contention that these statements are incorrect. The abstract also shows that an application for a writ of error was filed in this court, the writ was issued and served, return filed here by the clerk of the trial court and notice served on the plaintiff and on plaintiff's counsel. It was unnecessary for the abstract to include the application for the writ, the writ itself or the return. They are of record in this court. Of course, the writ will issue only on proper application and that question may be raised, and was raised in this case, by motion to quash. We hold the application sufficient

and the writ properly issued. [Fraker v. Ins. Co. (Mo. App.), 278 S. W. 1053; Blanchard v. Dorman, 236 Mo. 416, l. c. 434, 139 S. W. 395; Bowman v. Phelps County, 330 Mo. 826, 51 S. W. (2d) 31.] We find no fatal defects in the statement or assignments of error contained in defendant's brief. We overrule plaintiff's motion to dismiss the writ of error.

Defendant in his brief makes many assignments of error, but, in the "points and authorities," keeps alive only two main objections, to wit: (1) that the court erred in striking defendant's counterclaim to count one of the petition; (2) that the court erred in directing a verdict for plaintiff on count two.

Did the court err in striking defendant's counterclaim to count one of the petition? The parties have devoted much space in their briefs to a discussion of whether this counterclaim arises out of the transactions mentioned in count one as required by our Section 929, Missouri Revised Statutes 1939, [Mo. R. S. A., p. 597] but we think the decisive question in this case is whether the counterclaim states any defense to the cause of action set up in count one. That count is an ordinary claim in replevin alleging that plaintiff is the owner and entitled to possession of certain motor trucks and that defendant unlawfully detains them. Now, a counterclaim may be pleaded as a defense to replevin, but only if it will tend to defeat plaintiff's right to recover the property claimed or to defeat or diminish the amount of damages claimed for their detention. [McCormick Harvesting Co. v. Hill, 104 Mo. App. 544, 79 S. W. 745; Workman v. Warder, 28 Mo. App. 1; Small v. Speece, 131 Mo. App. 513, 110 S. W. 7; Brown Motor Sales Co. v. Daugherty, 232 Mo. App. 951, 107 S. W. (2d) 179; Anthony v. Carp, 90 Mo. 387.]

"So, in an action to recover possession of property, the defendant will not be allowed to set up a counterclaim for a money judgment and thus defeat the right of the plaintiff to recover such possession, as a claim for a money judgment, whether arising out of the transaction set forth in the complaint or not, tends in no way to defeat or diminish the plaintiff's right of recovery of the possession of the property wrongfully taken from him." [24 R. C. L., p. 826, sec. 33.]

In the instant case the counterclaim cannot be upheld on the ground that it would defeat or diminish the amount of damages, for no damages are claimed in count one. Nor can it be upheld on the ground that it will defeat plaintiff's right to recover possession. The counterclaim alleges that defendant bought the motor trucks from plaintiff and has fully paid the purchase price, but the certificates of title have never been assigned and delivered. Under Section 8382, [subsec. (c)], Revised Statutes Missouri 1939, [Mo. R. S. A., p. 596] that kind of a contract of purchase is insufficient to ■ pass either the title or right to possession of motor vehicles, for the statute says that a sale "without the assignment of such certificate of ownership,

shall be fraudulent and void.'' [State ex rel. v. Cox, 306 Mo. 537, 268 S. W. 87; Quinn v. Gehlert (Mo. App.), 291 S. W. 138.] So, the counterclaim not only fails to defeat, but tends to sustain, plaintiff's right to recover possession under count one for it concedes that plaintiff holds the title. No case cited by defendant is opposed to the view which we have just expressed. McCormick Harvesting Co. v. Hill, supra, was a replevin suit for a machine sold by plaintiff to defendant who executed a chattel mortgage on the machine and other personal property. Later plaintiff took back the machine and sued in replevin for the other mortgaged property. Defendant answered by counterclaim stating that, with payments made and the value of the machine taken by plaintiff, he had overpaid his debt. Of course the counterclaim was sustained, for, if defendant's debt was fully paid, it would destroy plaintiff's right to recover under his lien; and, the counterclaim stating a defense to plaintiff's cause of action, defendant in the same action could recover from plaintiff the amount of any over-payment which he could prove. In Small v. Speece, supra, plaintiff brought a replevin suit in a justice court to recover a piano upon which plaintiff held a chattel mortgage. Defendant's counterclaim prayed that the contract of sale and mortgage be rescinded for fraud and that he recover the amount he had paid under the contract. The court of appeals held that the counterclaim could not be maintained in a justice court because that court had no equity jurisdiction. The court also said the counterclaim would be proper pleading in a case instituted in the circuit court. We think that is correct, but it has no bearing on the instant case. In Small v. Speece the defendant did not dispute plaintiff's right to the possession of the piano. He conceded that right and tendered return of the property, but he did deny plaintiff's right to recover money under the contract, which he alleged had been obtained by fraud, and he also asserted the right to recover the money which he had paid to plaintiff under the contract. In the instant case defendant's counterclaim does not tender back the property claimed in count one. On the contrary, defendant claims possession of the property under a contract which is void and, since the right to possession is the only issue raised by count one, the counterclaim states no defense to that count. Other cases cited by defendant on this point are clearly distinguishable on their facts from the instant case and we deem it unnecessary to discuss any of them except the case of Boyer v. Garner (Mo. App.), 15 S. W. (2d) 893. In that case the petition alleged that plaintiff had contracted to purchase an automobile from defendant for $150.00 of which he had paid $100.00. That defendant agreed to procure, assign and deliver the title certificate, but failed to do so. That plaintiff kept the automobile two weeks, during which he made unsuccessful demands for the certificate, and then wrote defendant rescinding the contract and demanding the money he had paid on

the purchase price. The petition prayed judgment for the sum paid. Defendant demurred on the ground that the petition failed to state a cause of action, asserting that it showed on its face that it was based on an illegal and void contract under the statute. [Sec. 8382, supra.] The Springfield Court of Appeals held the petition good, saying: ''In this case there is no such contract as involves moral turpitude. The contract is merely mala prohibita, and falls within the class of cases which permit of repudiation while the contract is executory. [6 R. C. L. 830, sec. 221.] The fact that the certificate of title was never delivered in this case, as agreed, makes this an executory contract. It seems to us that, under such circumstances, the purchaser should be permitted to repudiate the contract and recover his money paid, provided he acts within a reasonable time and returns, or offers to return, the automobile which he agreed to purchase, in as good condition as when he received same.'' We have no criticism of the ruling in that case, but it furnishes no authority for setting up a counterclaim based on a contract of that kind as a defense to a petition raising as the only issue the right to the possession of the automobile.

The contract set up in defendant's counterclaim to count one is void under the statute, and will not support an action either for its enforcement or for its breach. We understand defendant to concede this, but he strenuously argues that his counterclaim seeks neither enforcement of the contract nor damages for its breach; that it seeks damages for the alleged fraud and deceit of plaintiff in obtaining money by a false promise to deliver the certificates of title. That argument is unsound for two ██ reasons: first, the counterclaim, as already pointed out, is not a defense to the cause of action, to wit, right of possession, set up in count one; second, the counterclaim does not contain proper averments to recover the sums which were paid on the purchase price of the motor vehicles. Defendant, by his counterclaim, does not state that he has tendered or will tender the vehicles back to plaintiff and, of course, he cannot retain them and also recover the purchase price. By his general denial he denies that he *unlawfully* detains the vehicles, but by the counterclaim he shows that plaintiff has the legal title while he (defendant) had possession at the institution of the suit. Thus he must mean that the contract set up in the counterclaim justifies his possession and prevents it from being unlawful. That seems to be an attempt to enforce a void contract. We hold that the counterclaim to count one was properly stricken and, as defendant admitted and plaintiff proved legal title by offering the certificates, the court properly instructed the jury to find for plaintiff on that count. In so holding we do not pass upon the question of whether or not the matter contained in the counterclaim could, under proper averments, form the basis of a separate

cause of action or be used as a counterclaim against a petition seeking to recover indebtedness.

Did the court err in directing a verdict for plaintiff on count two of the petition?

The lengthy record of the trial is replete with defendant's objections to rulings of the court on the admission or rejection of evidence. It is unnecessary for us to consider those rulings, so far as they relate to defendant's counterclaim to count two, because that counterclaim was withdrawn from the jury's consideration by instruction "H" given by the court at request of plaintiff. In the trial court defendant objected and excepted to the giving of that instruction, but in this court he fails to mention it either in his assignments of error or his points and authorities and the correctness of the court's ruling is not before us.

As stated, the second main assignment in the "points and authorities" of defendant's brief is that the court erred in directing a verdict for plaintiff on count two of the petition. This assignment is subdivided in defendant's brief as follows: (A) There was substantial evidence of the incorrectness of the alleged settlement and of defendant's refusal to accept same as correct and the issue was for the jury; (B) The court erred in holding the alleged settlements were conclusive as a matter of law and excluding competent evidence offered by defendant; (C) The court erred in refusing each and all the instructions requested by defendant, the same amounting to a directed verdict for plaintiff. Then follows a specific complaint as to the court's refusal of defendant's requested instructions "E" and "F".

All the above assignments were also contained in that portion of the brief designated "assignments of error" as was another assignment that the court erred in giving instructions 4 and 5 requested by plaintiff.

Plaintiff contends that we should not consider the question of error in giving instructions 4 and 5 because defendant failed to specifically mention them in the "points and authorities" portion of his brief. Under similar, but somewhat different, facts we have refused to consider such an assignment, but under the situation here we think the question is properly before us. The propriety of these two instructions is inseparably connected with defendant's assignment that the court erred in directing a verdict for plaintiff, and is so argued in defendant's brief. Plaintiff's instruction 4 recites that the second count asks the sum of $494.62 as the balance due from defendant growing out of the operation of trucks under the contracts, and $1,507.50 as damages for failure of defendant to keep the trucks in repair; Then it tells the jury "that plaintiff is entitled to recover any sum owing to it" by defendant, not to exceed the two amounts mentioned. Plaintiff's instruction 5 is as follows: "You are instructed that you must find a verdict for the plaintiff and

against the defendant on count two of plaintiff's petition in a sum not less than one dollar nor more than $1,952.02.''

At the close of plaintiff's case and again at the close of the whole case, defendant asked peremptory instructions which were refused by the court. Defendant then requested three other instructions, "E", "F", and "G", which were also refused by the court. Instruction "E" would have told the jury that if they found and believed from the evidence that defendant was not indebted to plaintiff on account of the matters stated in the second count, their verdict should be for defendant on that count. Instruction "F" was on the burden of proof in the usual approved form.

 Considering plaintiff's given instructions 4 and 5 and defendant's refused instructions "E" and "F" together, it is plain that the trial court believed that plaintiff was conclusively entitled to recover nominal damages, at least, under the second count, and plaintiff takes that position in the brief. We do not think this position is sound. The two items sued for in the second count were: first, a balance of $494.62 claimed as due from defendant for rental of equipment, oil, gas, etc., furnished and payments made to him, after deducting credits due him for services; second, the sum of $1,507.50 which plaintiff claimed it was compelled to pay for repairs on the equipment due to defendant's failure to comply with his contract to keep it in repair.

Plaintiff introduced evidence to show that about every two or three weeks it furnished to defendant an itemized statement of its account with him and gave him a check for the balance shown to be due him, the check containing the word "settlement." Although at various times defendant objected to the correctness of these statements, or some of them, he accepted the checks, endorsed and cashed them. However, the last statement, purporting to show a balance due from defendant to plaintiff of $494.62, was delivered to defendant after he ceased to work for plaintiff, and there was no proof that defendant assented to the correctness of the statement. Plaintiff offered proof as to the other item of $1,507.50 sued for in the second count, which plaintiff claimed it was compelled to pay for repairs on the vehicles after they came into plaintiff's possession and which it claimed defendant was obligated to pay under his contract. Both these items were in issue under the pleadings and the burden of proof was on the plaintiff. Plaintiff says it conclusively satisfied the burden of proof, at least to the extent of nominal damages on the item of $1,507.50, by the testimony of O. J. Dorothy, a witness for defendant. This witness was employed as a mechanic by defendant from some time in 1937 until about six weeks after defendant ceased to work for plaintiff. On January 31, 1939, while still in plaintiff's employ, but after defendant had ceased to work for plaintiff, Mr. Dorothy was present when an inspection of the equipment rented to defendant

was made by plaintiff's employees. The inspection was made in plaintiff's garage and a memorandum was signed by plaintiff's employee and also by Mr. Dorothy showing that the body of one trailer had been totally wrecked and that other items of equipment had been damaged. The memorandum stated that Mr. Dorothy was acting for defendant, but both he and the defendant denied this in their testimony. Mr. Dorothy also testified that the damage noted on the memorandum was due to ordinary wear and tear, but on cross-examination admitted that the trailer had been in a wreck and had to be repaired. On re-direct examination he was asked if the wreck was not caused by plaintiff's employees, but was not permitted to answer on the objection that it would be hearsay.

It is this admission, coming from defendant's witness, which plaintiff says conclusively proves that plaintiff was entitled to at least nominal damages. We do not think so. The trailer and other equipment, except the trucks described in the first count, were in plaintiff's garage and presumably in its possession, when the inspection was made. There was no proof that the trailer was wrecked by defendant or while in his possession. Plaintiff had testimony that defendant continued in its employ until about January 26, 1939, while defendant testified he quit work for plaintiff about December 26, 1938, and that the equipment was delivered to plaintiff's garage about the last of December, 1938. So, according to defendant's testimony, the equipment was in plaintiff's possession nearly a month before the inspection was made. Under all the testimony it was for the jury to determine what, if *any*, sum plaintiff was entitled to recover from defendant on the second count, and plaintiff's instruction No. 5 is clearly erroneous. We think that plaintiff's instruction No. 4, considered in connection with its instruction No. 5, would tend to mislead the jury. Also, it was error to refuse defendant's instruction ''F'' on the burden of proof.

We do not pass upon defendant's assignment of error as to the admission or rejection of evidence in relation to the second count, as the same questions may not arise on a new trial.

For the errors above pointed out the judgment on the second count must be reversed and the cause remanded for a new trial on that count. The judgment in favor of plaintiff on the first count is affirmed.

It is so ordered. All concur.