255 S.W.2d 69 (1953)
SMITH
v.
G. F. C. CORP. et al.
No. 28405.
St. Louis Court of Appeals. Missouri.
February 17, 1953.
Rehearing Denied March 13, 1953.
William L. Mason, Jr., and Elmer M. Gaskill, St. Louis, for appellant.
Thomas F. Manion and James E. Hawk, Jr., St Louis, for respondents.
WOLFE, Commissioner.
The plaintiff brought this action to recover certain sums of money that he had paid to the defendants by reason of having purchased an automobile from Blives and having financed part of the purchase price through G. F. C. Corp. He sought the cancellation of a note and mortgage held by the G. F. C. Corp. and a judgment against each defendant for the amount that he had respectively paid to each of them. The action was predicated upon the theory that the transaction was fraudulent and void. Upon trial, the court directed a verdict at the close of the plaintiff's case, and it is from the judgment entered upon the verdict, so directed, that the plaintiff prosecutes this appeal.
*70 Smith testified that, on June 9, 1948, he purchased a 1947 Studebaker Commander coupé from the Blives Motor Company, which is the name under which the defendant Milton M. Blives admittedly did business. The purchase price of the automobile was $2300, of which amount the plaintiff paid $800 in cash. He signed a note payable to Blives secured by a chattel mortgage for the balance owing on the automobile, for sales tax, finance charges, and insurance. The note was payable in monthly installments.
Smith stated that he was given a written memorandum of the sale but he was not given a certificate of ownership which he requested. He said that he gave Blives a dollar to have the certificate of ownership transferred, but he did not receive a certificate of title at the time of purchase nor when he requested it on occasions thereafter. He said that he later told Blives that he wanted to return the car and demanded the return of his money. About a week after he got the automobile he went to the G. F. C. Corp. and told someone in charge that he wanted to repudiate the contract because he had received no certificate of title. He made payments to the G. F. C. Corp. through his lawyer, who asserted by letter with each payment that Smith was tendering to the company the automobile and that the note that it held was void because no certificate of title was given to Smith at the time the automobile was turned over to him.
About a week after the sale Smith received from the finance company an insurance policy, covering fire, theft, and collision. He kept the policy. He used the car in his work as a salesman traveling in the state of Ohio. In December of 1948, he received title to the car from the Department of Revenue of the State of Missouri. In that same month he had an accident which damaged the car and he made a claim against the insurance company on the policy sent to him by the finance company. This claim was paid.
Smith thereafter drove the car continuously and made the payments provided for by the note until March of 1949, when he ceased making payments. In April of 1949 he filed the present suit and continued in possession and use of the automobile until June of 1950 when it was taken from him by an action in replevin in the state of Ohio. It was upon this evidence that the court directed a verdict for defendants.
The plaintiff, of course, contends that the court erred in directing a verdict for the defendants, and assigns as his reason, the proposition that the sale of the automobile was fraudulent and void because no certificate of ownership with an assignment thereof passed between the parties at the time of the sale.
The statute governing the sale and transfer of vehicles is Section 301.210 RS Mo 1949, V.A.M.S., which in paragraph 4 provides:
"It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void."
This section has been before the courts for construction on numerous occasions and, as it affects the purported seller and buyer, it has been held that, under it, a sale without an assignment of a certificate of ownership passing between the parties creates an executory contract which may be repudiated.
In Boyer v. Garner, Mo.App., 15 S.W. 2d 893, it was stated:
"The contract is merely mala prohibita, and falls within the class of cases which permit of repudiation while the contract is executory. 6 R.C.L. 830, § 221. The fact that the certificate of title was never delivered in this case, as agreed, makes this an executory contract. It seems to us that, under such circumstances, the purchaser should be permitted to repudiate the contract and *71 recover his money paid, provided he acts within a reasonable time and returns, or offers to return, the automobile which he agreed to purchase, in as good condition as when he received same."
In Riss & Co. v. Wallace, 350 Mo. 1208, 171 S.W.2d 641, 151 A.L.R. 512, the Supreme Court stated that it had no criticism of the above quoted holding.
The plaintiff in the instant case seems to overlook the fact that he requested Blives to get him a Missouri certificate of title and gave him a dollar which was the required fee to effect the transfer of Blives' title to him. In order to accomplish this, it was necessary for Blives to send his assigned certificate of ownership to the Department of Revenue. The certificate of ownership which is required to pass at the time of sale is the assigned title of the seller and not the certificate of title in the buyer, for this cannot be obtained except through the Department of Revenue. After the certificate of title was received by the plaintiff the contract was no longer executory.
Smith, of course, maintains that he offered to return the car and requested a return of his money. But this alone is not sufficient, for before a valid repudiation can take place, under circumstances such as those presented here, there must be a return of, or an offer to return, the car, in the same condition that it was in at the time of sale.
It was used by Smith in his work as a salesman and shortly after buying it he took over a sales territory that required him to travel all over Ohio and he drove back to St. Louis almost every week-end. Such continued enjoyment and hard usage of the automobile certainly could not have left it in the condition it was in at the time of sale, but there was no proof as to the condition of the automobile and, as stated above, in order to repudiate there must be a return of "or offer to return, the automobile he agreed to purchase, in as good condition as when he received the same". The court did not therefore err in directing a verdict for defendant Blives. Winscott v. Frazier, Mo.App., 236 S.W.2d 382; Perkins v. Bostic, 227 Mo.App. 352, 56 S.W.2d 155; Riss & Co. v. Wallace, 350 Mo. 1208, 171 S.W.2d 641, 151 A.L.R. 512; Riss & Co. v. Wallace, 239 Mo.App. 979, 195 S.W. 2d 881.
As far as the G. F. C. Corp. is concerned, it took the note from Blives and had no dealings of any kind with the plaintiff until after it acquired the note and mortgage. Since it was a holder in due course, it took the note free from any defect between the prior parties under our Negotiable Instrument Law. Section 401.056 RSMo 1949, V.A.M.S.
Plaintiff contends that the sale being void the note arising out of it must also be void, but this view does not fully weigh the wording of the act, which, in effect, says it is unlawful to buy or sell an automobile without the necessary transfer of a certificate of ownership. Under plaintiff's view, his own unlawful act would make the notes in an innocent purchaser's hands void. Under the law, however, there must be proof that the holder in due course had notice of the deficiencies mentioned before he can be deprived of his status as an innocent holder for value under the statute. National Bond & Investment Co. v. Miller, Mo.App., 76 S.W.2d 703; C.I.T. Corp. v. Byrnes, Mo.App., 38 S.W.2d 750; Morgan v. Mulcahey, Mo.App., 298 S.W. 242.
The plaintiff asserts in his brief that the evidence shows that Blives was the agent of the G. F. C. Corp. The evidence does not seem to support this assertion, but regardless of whether it does or not the case was neither pleaded nor tried upon that theory which appears in the case for the first time on appeal. We cannot consider here issues that were not presented below.
It appears that no case was made by the plaintiff which could properly have been submitted to the jury and the court did not err in directing a verdict for the defendants.
It is the recommendation of the Commissioner that the judgment be affirmed.
*72 PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly affirmed.
BENNICK, P. J., and ANDERSON and HOLMAN, JJ., concur.