**Julius LEBCOWITZ (Plaintiff), Respondent,**

v.

**Dennis SIMMS and Frank G. Kiddo, d/b/a Dennis Auto Sales, and Mound City Trust Company, Defendants,**

**Dennis Simms and Frank G. Kiddo, Appellants.**

**No. 29660.**

St. Louis Court of Appeals.

Missouri.

April 2, 1957.

Dan P. Reardon, Joseph G. Stewart, St. Louis, for appellants.

James F. Koester, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action in which the plaintiff seeks actual and punitive damages and the cancellation of a note. The alleged damages arose out of the sale of an automobile to plaintiff by defendants Simms and Kiddo. The action against them is bottomed on a fraudulent failure to deliver a certificate of ownership at the time the automobile was purchased. The defendant Mound City Trust Company was the holder of the note that the plaintiff seeks to have cancelled. The note was given in payment of part of the purchase price of the automobile. The Mound City Trust Company counterclaimed for the balance due on the note.

The trial was to the court and resulted in a judgment for defendant Mound City Trust Company for a total of $927.50, including interest and attorney's fees. There was a judgment for the plaintiff against defendants Simms and Kiddo in the sum of $1,500 actual damages and $750 punitive damages. The plaintiff did not appeal from the judgment in favor of the Mound City Trust Company, but defendants Simms and Kiddo have appealed from the judgment against them.

The facts of the case are that on February 19, 1952, the plaintiff purchased a 1947 Chrysler automobile from Dennis Auto Sales, a trade name under which Simms and Kiddo did business as partners. The plaintiff paid $350 in cash and executed a note for $900 in payment for the car. The note was purchased from Dennis Auto Sales by Mound City Trust Company

and the sum of $200 was paid subsequently by the plaintiff in monthly installments of $50 each as required by the note.

The sale was handled by defendant Kiddo and the plaintiff took the car as soon as he had paid for it. No certificate of ownership was given him but Kiddo stated that the certificate would be mailed the next day. Plaintiff did not receive the certificate, but he drove with dealer's license plates that Kiddo had loaned him. He had some work done on the car that cost him $300. The plaintiff testified that about ten days after he had possession of the automobile he telephoned Kiddo to inquire about the certificate of ownership. He told Kiddo that he had spent considerable money on the car and that if he could not get the title he would return it. He testified that he was advised by Kiddo that the title was in the mail. Again, eighteen days later he still had not received the title and he again telephoned Kiddo and told him that he would have to take the car back as it was impossible to get insurance or a license for it, and Kiddo again told him that the title had been mailed to him. He made a third call about eight weeks later and was told then that the title was mailed or would be mailed right away. He continued to drive the car for about four months and then employed an attorney, who wrote defendants Simms and Kiddo the following letter:

"Please be informed that this office has been retained by Mr. Julius Lebcowitz to represent him in his action on account of a Chrysler automobile which Mr. Lebcowitz purchased from your firm on or about February 19, 1952.

"We are hereby tendering return of this Chrysler automobile to you and and ask that you repay all moneys paid in on this automobile in the sum of $350.00 and also that you pay for repairs made to this automobile in the amount of $300.00, due to the fact that you have failed and refused to deliver a certificate of ownership as required by the laws of the State of Missouri. We are, therefore, again tendering this automobile and request that you immediately repay the money due under this contract."

It was agreed that the automobile had never been registered in the State of Missouri and defendant Simms offered proof that the car was purchased from a man in Tennessee where no registration of title was required. Kiddo was no longer connected with the business of the defendants and his whereabouts were unknown, but Simms testified that as soon as he received the letter from plaintiff's attorney he got the necessary papers and secured a Missouri title.

It is contended by the appellants that there was a binding and valid sale to the plaintiff because the automobile was not registered in the State of Missouri and the defendants were not required to give the plaintiff a certificate of ownership at the time of the sale. They reached this conclusion by their construction of Section 301.210 subd. 4, RSMo 1949, V.A.M.S., which provides that "the sale of any motor vehicle or trailer registered under the laws of this state" shall be fraudulent and void unless at the time of delivery a certificate of ownership properly assigned shall be given to the purchaser. They contend that the words quoted limit the section exclusively to motor vehicles that have been previously registered in the State of Missouri and the sale was therefore neither fraudulent nor void.

■ In construing the statute we cannot confine our scrutiny to the words quoted in the particular section, but we must look to the purpose of the act and "seek to arrive at the intention of the Legislature as disclosed, in part at least, by the objectives of the legislation." Wellston Fire Protection Dist. of St. Louis County v. State Bank & Trust Co., Mo.App., 282 S.W.2d 171, loc. cit. 174; State ex rel. Spink v. Kemp, Mo., 283 S.W.2d 502; State ex rel.

Kirks v. Allen, Mo.App., 255 S.W.2d 144. One of the objectives of this legislation was to require a record of the ownership of motor vehicles sufficient to permit the ownership to be traced through the various sales of the vehicle and to determine title.

■■ Section 301.200 RSMo 1949, V.A. M.S., which is as follows, states:

"In the case of dealers, a separate certificate of ownership, either of such dealer's immediate vendor, or of the dealer himself, shall be required in the case of each motor vehicle in his possession, and the director of revenue shall determine the form in which application for such certificates of ownership and assignments shall be made, in case forms differing from those used for individuals are, in his judgment, reasonably required; provided, however, that no such certificates shall be required in the case of new motor vehicles or trailers sold by manufacturers to dealers."

From the foregoing it was obviously incumbent upon the defendant dealers to obtain a Missouri certificate of ownership for the car which they had purchased in Tennessee. This is precisely what defendant Simms did when pressed by counsel for the plaintiff. The appellants' point is not well taken as the statute applies to all sales made in Missouri and this is true even though the seller acquired the car in some other state. Platner v. Bourne, Mo.App., 275 S.W. 590; Craig v. Rueseler Motor Co., Mo.App., 159 S.W.2d 374; Mackie and Williams Food Stores v. Anchor Casualty Co., 8 Cir., 216 F.2d 317.

■ A question arises as to the nature of the action which the plaintiff brought. In order to determine this, we consider the facts pleaded and the relief sought. Kemp v. Woods, 363 Mo. 427, 251 S.W.2d 684. The petition seeks damages for breach of contract and not only seeks recovery of the amount paid for the automobile but $300 expended for work done on it and punitive damages.

■ Section 301.210, subd. 4 RSMo 1949, V.A.M.S., makes any sale such as we have here fraudulent and void. Where parties enter into an agreement in violation of the law, they will as a general rule be left in the position in which they put themselves. Gilbert v. Edwards, Mo.App., 276 S.W.2d 611; Rainer v. Western Union Telegraph Co., Mo.App., 91 S.W.2d 202; Idel v. Hamilton-Brown Shoe Co., 343 Mo. 373, 121 S.W.2d 817. This applies to an action for damages arising out of the sale of an automobile without the passing of title, in violation of the mentioned statute. Winscott v. Frazier, Mo.App., 236 S.W.2d 382, and Boyer v. Garner, Mo.App., 15 S. W.2d 893.

■ Precisely the same kind of action as here asserted was attempted by way of counterclaim by the defendant in Riss & Co. v. Wallace, 350 Mo. 1208, 171 S.W.2d 641, loc. cit. 644, 151 A.L.R. 512, and the Supreme Court held that the trial court properly directed a verdict for the plaintiff on that part of the counterclaim, stating: "The contract set up in defendant's counterclaim to count one is void under the statute, and will not support an action either for its enforcement or for its breach." See, also, Riss & Co. v. Wallace, 239 Mo.App. 979, 195 S.W.2d 881.

■ The plaintiff, however, is not without a remedy, for he may repudiate the contract and recover the purchase price paid since the contract is considered executory, pending the delivery of the title. Boyer v. Garner, Mo.App., 15 S.W.2d 893; Kesinger v. Burtrum, Mo.App., 295 S.W.2d 605. It is, of course, incumbent upon the plaintiff under such circumstances to return or tender the car in as good a condition as he received it. This was not the action pursued by the plaintiff, as he was seeking damages and did not plead that he had made a tender of the automobile, as he is required to do to repudiate the contract and to recover the purchase money paid. There must be an allegation of all facts necessary to establish a valid tender. 86 C.J.S.,

Tender, § 56, p. 585; Aldridge v. Reavis, Mo.App., 88 S.W.2d 265.

■ Under the judgment of the circuit court the plaintiff has been awarded all money paid for the automobile and expended upon it, plus punitive damages, and he still has the automobile. This quite obviously cannot stand; but since it appears that the plaintiff misconceived his remedy the case should be remanded so that the plaintiff may, if he sees fit, amend his petition to bring his action for the purchase price paid upon the theory of a repudiation of the contract.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.