133 So.2d 442 (1961)
Charles W. ALLEN, Appellant,
v.
UNIVERSAL C.I.T. CREDIT COPORATION, a corporation, Appellee.
No. C-108.
District Court of Appeal of Florida. First District.
September 12, 1961.
Rehearing Denied October 20, 1961.
*443 Robinson & Randle, Jacksonville, for appellant.
Boggs, Blalock & Holbrook, Jacksonville, for appellee.
CARROLL, DONALD K., Chief Judge.
The unsuccessful plaintiff has appealed from an adverse final judgment entered by the Circuit Court for Duval County in his action against the defendant company for conversion of an automobile. This judgment was entered upon a directed verdict which was granted at the end of the trial of the cause.
Briefly stated, the facts established by evidence at the trial were as follows: On March 14, 1959, the plaintiff, Charles W. Allen, went to the place of business of a certain automobile dealer in Popular Bluff, state of Missouri, and sought to trade in his 1954 Dodge automobile owned by him on a 1957 Mercury automobile, the car directly involved in the present action. The purchase price was $2,331.80. For his Dodge Allen was allowed $770, less the payoff figure to a certain bank on a chattel mortgage on the Dodge in the amount of $435, leaving a net allowance on the Dodge of $334.60. The balance of the purchase price he agreed to pay off in twenty-four monthly installments at the rate of $80.20 per month, the first payment being due on July 15, 1959. The balance of the purchase price was secured by a conditional sales contract. Allen surrendered his Dodge to the dealer and drove off in the Mercury. The said bank was holding the title to the Dodge and it was agreed that when the balance was paid off Allen would transfer the title certificate to the dealer and it was further agreed that the title to the Mercury would be transferred to Allen.
Later Allen decided to seek employment in Florida, and he left the State of Missouri on May 9, 1959, arriving in Florida two days later. The next day he procured a job in Jacksonville and two days later wrote to the dealer advising him that he was in Florida and asking where he should make his payments on the Mercury, to which inquiry he received no reply. On *444 May 18, 1959, the dealer paid off the chattel mortgage on the Dodge and acquired possession of its title certificate. The dealer assigned the conditional sales contract on the Mercury to the defendant, but the latter declined to accept the contract. Later the dealer and the defendant decided that they would repossess the Mercury from Allen in Florida. The defendant then instructed its Jacksonville office to pick up the Mercury at the address which Allen had given in his letter to the dealer. The defendant's employees had to break the window of the car and push the car to its Jacksonville office. Two or three days later the defendant's employees returned certain personal articles belonging to Allen which had been left in the trunk of the car. After the foregoing facts and the applicable Missouri law were proven at the trial, the Circuit Court granted a directed verdict for the defendant on the theory that Allen had no right to the possession of the Mercury because the title certificate had not been endorsed over to him and that under Missouri law this rendered the contract void.
The question of the effect of the Missouri law on this transaction was the main issue in the trial court and is the main issue before us on this appeal. It is, therefore, incumbent upon us on this appeal to determine whether the Circuit Court in this case properly applied the Missouri law.
At the trial the deposition of a practicing lawyer of Missouri was received in evidence by the court in which he testified concerning the Missouri law, particularly Section 301.210 of the Revised Statutes of Missouri 1949, V.A.M.S., and the decisions of the Missouri courts construing that statute.
The mentioned statute of Missouri provides in pertinent parts:
"1. In the event of a sale or transfer of ownership of a motor vehicle or trailer for which a certificate of ownership has been issued the holder of such certificate shall endorse on the same an assignment thereof, with warranty of title in form printed thereon, and prescribed by the director of revenue, with a statement of all liens or encumbrances on said motor vehicle or trailer, and deliver the same to the buyer at the time of the delivery to him of said motor vehicle or trailer. * * *
"4. It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void."
Particularly involved here, of course, is the last clause in the provision stating that the sale of a motor vehicle under the laws of Missouri, without the assignment of the certificate of ownership, "shall be fraudulent and void." Judging from the reported cases, the courts of Missouri seem to have literally and rigorously enforced this statutory provision. While Florida has no statute of similar import, we do not think that such a statute may be held to violate the public policy of our state, and hence this Missouri statute, in the adjudication of the present cause, must be held applicable to the transaction here involved in the light of the construction of that statute by the Missouri courts.
A good example of the way the Missouri courts have applied the quoted statute is Anderson v. Arnold-Strong Motor Co., 1935, 229 Mo. App. 1170, 88 S.W.2d 419, 421, which, like the present case, was an action for the wrongful conversion of an automobile. In that case the plaintiff, Anderson, sold a Ford automobile to one Martin and at the same time executed and delivered *445 to Martin the certificate of title thereto. In payment for the car Martin gave Anderson a check, which was dishonored. Martin then traded the Ford to the defendant dealer in part payment on a Dodge automobile but did not execute and deliver to the defendant an assignment of the title certificate on the Ford, for the reason that the said title certificate had been forwarded to the Missouri license department for the issuance of a new title certificate to Martin. Martin promised to assign and deliver the new title certificate on the Ford to the defendant as soon as he received it. After Anderson was unable to collect on the check given him by Martin, he demanded the Ford from the defendant, which refused to surrender it. At about this time the Secretary of State of Missouri issued the new title certificate on the Ford to Martin, and later Martin executed an assignment of the title certificate but failed to acknowledge it and delivered it to Anderson. Thereafter the dealer sold the Ford. Anderson brought the action against the dealer for wrongful conversion of the Ford and recovered. The defendant appealed. The Missouri Court of Appeals affirmed the judgment and in its opinion declared that a Missouri statute similar to that quoted above
"* * * is so clear and unequivocal as to the question as to hardly need court interpretation. However, our courts have given interpretation as follows: `It is well settled that unless the certificate is assigned and passed to the buyer of the motor vehicle at the time of its delivery the sale is absolutely void and no title to the vehicle passes.' State ex rel. v. Cox, 306 Mo. 537, 268 S.W. 87, 37 A.L.R. 1456.
"As it stands admitted that the defendant never did receive a certificate of title to the car in issue, it follows that the alleged sale to defendant was fraudulent and void.
"With the above conclusion there is but little more to be said. The defendant, who never at any time acquired title to the car in question, cannot much be concerned as to the method by which the plaintiff reacquired title."
A more recent expression of the views of the Missouri courts concerning the effect of the statute in question may be found in Haynes v. Linder, Mo. App. 1959, 323 S.W.2d 505, 511, in which the Kansas City, Missouri, Court of Appeals, said the following concerning a purported sale of an automobile without the assignment of the certificate of title:
"Not only is the sale void but under the statute's terms both the seller and purchaser are guilty of the commission of a misdemeanor. The transaction passes no title or ownership in or to the automobile. The purported buyer acquires no right of possession and user against the purported seller, who may repudiate and tender back the consideration. Allstate Insurance Co. v. Hartford Accident & Indemnity Co. [Mo. App., 311 S.W.2d 41], supra; Riss & Co. v. Wallace, 350 Mo. 1208, 171 S.W.2d 641, 151 A.L.R. 512."
Since the basic transaction involved in the present case took place in the state of Missouri and under the laws of Missouri, and since we have held that the Missouri statute in question does not violate the public policy of the State of Florida, we have no choice but to apply the said statute in accordance with the interpretations of that statute as set forth in the official decisions of the appellate courts of that state. We, therefore, must hold that in the present case the plaintiff-appellant, Allen, had neither the title to, nor the right of possession to, the subject Mercury automobile when he filed the present action.
In this state an action for conversion is regarded as a possessory action, and the plaintiff, in order to maintain this action, must have a present or immediate right of possession of the property in question. *446 Dekle v. Calhoun, 1910, 60 Fla. 53, 53 So. 14, and Fletcher v. Dees, 1931, 101 Fla. 402, 134 So. 234. See also 7 Fla.Jur., Conversion, Sections 18 and 19, pages 281 and 282, and the cases cited therein.
The plaintiff, having obtained possession of the Mercury automobile by virtue of a transaction made void and fraudulent by the Missouri statute, had no right of possession to it and hence cannot maintain this action of conversion. The Circuit Court, therefore, correctly directed the verdict for the defendant, and the final judgment based upon such verdict must be and it is affirmed
Affirmed.
STURGIS and WIGGINTON, JJ., concur.