Richard B. Teitelman, Judge,
dissenting.
I respectfully dissent. The principal opinion holds that federal law requires Ms. Ellis to arbitrate her claim against JF Enterprises because she did not specifically establish that the arbitration agreement is invalid under generally applicable state law principles. Federal law does not, however, require Ms. Ellis to arbitrate claims relating to the formation of the contract and that are not subject to arbitration according to the plain language of the arbitration contract.
When the formation of the arbitration contract is at issue, “state courts are permitted to apply state law defenses to the formation of the particular contract at issue.” Baker v. Bristol Care, Inc., 450 S.W.3d 770, 774 (Mo. banc 2014), State law defenses to the formation of a contract include lack of consideration because legal consideration is essential for the formation of any contract, including one for arbitration. Kunzie v. Jack-In-The-Box, Inc., 330 S.W.3d 476 (Mo.App. E.D.2010). Ms. Ellis asserts that neither the sales contract nor the arbitration clause was supported by legal consideration because JF Enterprises failed to deliver title pursuant to section 301.210, RSMo 2000. Ms. Ellis raises a plausible claim, as there are cases holding that the failure to comply with the delivery requirement of section 301.210 means that the contract fails for lack of consideration. Peel v. Credit Acceptance Corp., 408 S.W.3d 191, 203 (Mo.App. W.D. *425 2013) (citing Public Fin. Corp. of Kansas City, Mo., No. 1 v. Shemivell, 345 S.W.2d 494, 497-498 (Mo.App.1961); Smith v. G.F.C. Corp., 255 S.W.2d 69 (Mo.App.1953); C.I.T. Corp. v. Byrnes, 38 S.W.2d 750, 752 (Mo.App.1931); Morgan v. Mulcahey, 298 S.W. 242, 245 (Mo.App.1927)). Therefore, Ms. Ellis’ challenge to the formation of the contract rests squarely on state law defenses that are subject to resolution by the courts rather than in arbitration. ,
Any doubt as to whether Ms. Ellis should be required to submit to arbitration is removed by analyzing the language of the arbitration contract.' The ' contract provides'for thfe arbitration of “[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Agreement, and the arbitrability of the claim or dispute) ... which arises out of or relates to [buyer’s] credit application, purchase or condition of this vehicle, [buyer’s] purchase or financing contract or any' resulting transaction or relationship._The plain language of the arbitration contract specifically limits the range of disputes subject to arbitration to those involving the financing, purchase or condition of the vehicle. At.no point does the arbitration contract purport to- authorize the arbitration of defenses pertaining to the formation of the sales contract. Ms. Ellis should not be compelled to arbitrate a claim that she did not agree to arbitrate.
The trial court’s judgment should be affirmed.