## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. CARMODY.

### No. 12232.

Circuit Court of Appeals, Eighth Circuit.

Nov. 3, 1942.

320

A. H. Sargent, of Cedar Rapids, Iowa (C. G. Lee, of Ames, Iowa, on the brief), for appellant.

Ed. J. Kelley, of Ames, Iowa, for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

in a proceeding under subsection s of section 75 of the Bankruptcy Act, 11 U.S. C.A. § 203, sub. s, appraisers appointed by the Conciliation Commissioner, in May 1940, appraised the value of the debtor's farm, consisting of 220 acres in Story County, Iowa, at $24,420, or $110 an acre. Thirteen months later, the debtor offered to pay into court the amount of the appraised value, under subsection s(3), and applied to the Conciliation Commissioner for an order turning over possession and title, free and clear of incumbrances, on this basis. The secured creditor, who had a mortgage lien of over $33,000 on the property, filed a request that the Conciliation Commissioner hold a hearing and fix the value in accordance with the evidence submitted. A hearing of several days was thereupon held and, from the evidence, the Conciliation Commissioner found the value of the farm to be $24,420, or $110 an acre, as had the appraisers, and entered an order that the debtor was entitled to redeem the property for this amount. On a review by the District Court, that court approved and confirmed the order of the Conciliation Commissioner, and the secured creditor has appealed.

Appellant's principal contention is that the finding of the Conciliation Commissioner and the District Court as to the value of the farm is clearly erroneous, because it apparently rests upon the testimony of the witnesses for the debtor, who, it is argued, were "absolutely disqualified as witnesses" and whose evidence "was rendered absolutely incompetent by their own admissions."

The record shows that five real estate salesmen had testified for appellant that in their opinion the land was worth from $135 to $140 an acre, and that five neighborhood farmers on behalf of the debtor had estimated its market value at $100 to $110 an acre. On cross-examination, one of the debtor's witnesses had answered that market value was determined by what the land would produce; another that it depended upon "what the land will produce and the condition of the soil"; the third that it was "all the land was worth"; the fourth that it was "what the land will sell for if it were put up and sold at public auction" or "what it sold for if sold at private sale"; and the fifth that "it is the price that is put on a commodity where neither side has to sell or buy". Some of these answers were, of course, incorrect; others were inexact; and only one perhaps was a reasonably accurate legal definition

of market value. But, in the situation presented by the record, we do not believe that it can be said that all of the debtor's witnesses were "absolutely disqualified" to testify, and that their evidence was rendered "absolutely incompetent", and that there was nothing in the record upon which the finding of the District Court and the Conciliation Commissioner could soundly rest.

A full reading of the testimony of the debtor's witnesses shows that they had taken into account and described on the witness stand such various elements entering into the value of the property involved as its location, topography, soil formation and quality, existence of depreciating defects and blemishes, nature and condition of improvements, et cetera. Appellant overlooks, we think, what we have had occasion to point out in other cases, that the determination of land value in an ordinary case is not necessarily a mere alternative choosing between the arithmetical estimates of opposing experts. Burnett v. Central Nebraska Public Power & Irrigation District, 8 Cir., 125 F.2d 836; Samuelson v. Central Nebraska Public Power & Irrigation District, 8 Cir., 125 F.2d 838. The trier of the facts is entitled to consider all the specific factors developed by the evidence, which may be of assistance in determining the value of a tract of land, such as location, character, quality, condition, desirability, et cetera, and to weigh and appraise the entire situation on the basis of the facts shown, in the light of the common knowledge and experience of the community on such a general matter, and to give to the estimates of the experts only such significance as they soundly appear to merit under all the circumstances.

The situation here is hardly identical with that presented in Re Alberti, D.C.S.D. Cal., 41 F.Supp. 380, 381, upon which appellant relies, where the court said: "This review presents the very simple question whether agricultural property can be appraised legally by taking into consideration one factor only, namely, productivity, under the use to which it is being put." In the present case, the witnesses for appellant and those for the debtor clashed sharply in their description and judgment of many of the value factors, such as the condition of the soil and the improvements, and the Conciliation Commissioner was, of course, required to resolve the questions of credibility on the various elements detailed. He was entitled, however, to determine the

fact as to each specific element, as he believed it to exist from the testimony, and to use all of such facts, together with such light as he felt was soundly contributed by the varying arithmetical estimates of the witnesses, in formulating his own judgment as to the actual market value of the property, and, on the record before us, we cannot say, nor do we have any reason to believe, that he was applying a false standard or criterion of market value, such as the court held had been done in the Alberti case.

■ Appellant further contends, however, in effect, that, if all of the debtor's witnesses were not disqualified and if their testimony was not wholly incompetent, the evidence of appellant's witnesses was nevertheless required to be given controllingly greater weight than that of the debtor's witnesses, because they were experienced real estate salesmen, shown by their testimony to be familiar with the prices of all the other recent land purchases in the locality, while the witnesses for the debtor were mere neighborhood farmers, not experienced in the sale of real estate and admitting on cross-examination that they were without information on some of the surrounding sales about which they were interrogated by appellant's counsel.

■ This argument was, of course, a proper one for consideration by the Conciliation Commissioner, but it is not one that can be permitted to control on this appeal. We know of no rule or authority that would warrant us in declaring that a trial court must scale or grade the weight of a witness' testimony on land value by the degree to which the prices of surrounding sales have been made a factor in his estimate. See 3 Wigmore on Evidence, Third Edition, § 714. The prices paid on other real estate sales in the locality naturally may constitute a competent element in a witness' opinion of value, but they can hardly be held to be the controlling criterion of the market value of a particular farm, as a matter of legal principle. Farm lands obviously do not have an exact identity; there is no uniform or absolute market value which is conclusively fixed by other sales, such as is the case, for example, with corporation stocks and securities listed upon an established exchange; and very often the sale is not one for an immediate entirety of cash, so that the terms and conditions of the sale may have affected the price agreed to be paid.

■■ The question of market value in the present case was a pure fact issue, which, as we have indicated above, the Conciliation Commissioner was entitled to determine, not merely from the value estimates of the experts, but from an evaluation or appraisal of all the competent elements developed in the testimony of the opposing witnesses, in the light of the common knowledge and experience of the community on such a general matter. The evidence in the record is substantial and conflicting, on the part of witnesses generally qualified to testify as to the facts of the various value elements involved, and, in such a situation, where the question fundamentally is one of credibility, weight and judgment, the Conciliation Commissioner's finding as to value, in a proceeding of this nature, should ordinarily be accepted as controlling. Rasmussen v. Gresly, 8 Cir., 77 F.2d 252, 254. Especially is this true, so far as an appellate court is concerned, where the finding has been approved and confirmed by the District Court on review. Fish v. East, 10 Cir., 114 F.2d 177; Platt v. Schmitt, 8 Cir., 87 F.2d 437; Ricketts v. Waller, 8 Cir., 81 F.2d 977.

Appellant attempts to argue that the District Judge failed to discharge the responsibility resting upon him in connection with the review, in approving and confirming the finding of the Conciliation Commissioner, since he indicated that he thought the farm probably was worth from $125 to $135 an acre. In the memorandum opinion which is contained in the record, the District Judge stated that, if he were trying the case de novo on the record before him, without regard to the questions of credibility that might have been involved in the original hearing, he "would have found the value of the farm in question to have been from $125 to $135 an acre." He added, however, that he was convinced that in the present case the question was "purely one of the credibility of the witnesses and the weight that will be given to their evidence by the trier of the fact question", and that in this situation he could not properly say that the finding was clearly erroneous and hence it ought to be approved and confirmed.

■■ Under Order 47, General Orders in Bankruptcy, as effective February 13, 1939, 11 U.S.C.A. following section 53, the District Judge was not charged with the duty of trying the facts de novo on the record presented to him and of making independent findings thereon. His obligation in the present situation was merely to review, in a sound manner, the action and findings of the Conciliation Commissioner, in the light of all the factors that properly were involved in the original hearing, and, as to any challenged finding of fact, to ascertain from the record whether such finding was clearly erroneous on the basis of a soundly restrained judicial conscience and controlling legal principles. Order 47 specifically provides: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." The Conciliation Commissioner here, of course, was a referee within the meaning of this order. 11 U.S.C.A. § 203, sub. a; Order 50(11), General Orders in Bankruptcy, 11 U.S.C.A. following section 53.

■■ We are of the opinion that the District Judge in this case duly discharged the responsibility which rested upon him under Order 47. The fact that he indicated that he would have differed with the view of the Conciliation Commissioner as to value, if he were trying the case de novo on the record without regard to the questions of weight and credibility involved in the original hearing, is immaterial, for he expressly recognized that these factors had been involved and declared in effect that he could not conscientiously hold, in the situation presented, that the finding of the Conciliation Commissioner was clearly erroneous. He specifically approved and confirmed the Conciliation Commissioner's finding as not being clearly erroneous, as was his duty in such a situation under the first sentence in Order 47, if he was not convinced that the Conciliation Commissioner had erred. The second sentence in Order 47, which makes provision for a variety of permissive action on the part of the District Judge, seems to us to have been intended to be purely procedural and cannot be regarded, as appellant assumes, as the conferring of a broader power upon a District Judge to set aside a Conciliation Commissioner's finding of fact than that authorized by the first sentence of the order, as we have construed it above. A Concilia-

tion Commissioner's finding of fact should not be set aside, as such, by a District Judge on review, except where, as we have indicated above, he is soundly convinced from the proceedings before him that it is clearly erroneous.

Appellant's final contention is that the District Judge erred in refusing to receive additional evidence on the review. On a review of a Conciliation Commissioner's order in a proceeding such as this, the parties are not entitled to a trial de novo in the District Court, either in whole or in part, as a matter of right, and whether additional evidence will be received in connection with such a review is a matter solely for the discretion of the District Court.

Here the additional evidence sought to be introduced in the District Court was intended as a rebuttal of some of the testimony of the debtor's witnesses before the Conciliation Commissioner, on the cost of repairing the farm buildings and the prices of some of the surrounding land sales. The Conciliation Commissioner had refused to receive the testimony of these additional witnesses, on the ground that the parties had agreed before the hearing to limit themselves to five witnesses to a side. Appellant contended that it had misunderstood the scope of this agreement. The Conciliation Commissioner did allow appellant's five witnesses to be recalled in rebuttal on the matters in question, but he would not permit the calling of any additional witnesses.

The offers of proof made show that the testimony intended to be introduced was in effect merely cumulative and corroborative, and that the material facts intended to be shown were sufficiently before the Conciliation Commissioner in the testimony of the other witnesses. The District Court held that in this situation there had been no error or abuse of discretion by the Conciliation Commissioner, and that for the same reason there was no occasion to receive the evidence in the review proceeding. Manifestly, as we have already indicated, whether a party will be allowed to offer additional evidence on a review proceeding in the District Court is a question solely for the discretion of that court. Lane v. Illinois Bankers Life Assurance Co., 10 Cir., 116 F.2d 475, 477; In re Fineman, D.C.Md., 32 F.Supp. 212, 214. We have no right to require the District Court in such a situation to hold a de novo trial, either in whole or in part, unless there are such exceptional circumstances involved as to constitute the refusal a clear abuse of judicial discretion.

The order of the District Court approving and confirming the finding of the Conciliation Commissioner is affirmed.