TRUMAN FOWLER AND EVERETT SEWARD, d/b/ as BLACKIE MOTOR COMPANY, APPELLANTS, v. HUBERT GOLDEN, RESPONDENT—212 S. W. 2d 93.

Kansas City Court of Appeals.   Opinion delivered May 10, 1948.

*James D. Walsh* and *Horace Merritt* for appellants.

*Leonard Johnson* and *Louis V. Stigall* for respondent.

· SPERRY, C.—Truman Fowler and Everett Seward, doing business as Blackie Motor Company, plaintiffs, instituted an action in replevin against Hubert Golden, defendant, for the possession of a motor vehicle. Defendant answered by way of general denial and pleaded that he had bought said automobile from its rightful owners, their agents and representatives, had paid therefor in full, was entitled to possession, and asked that plaintiffs be required to deliver to him a certificate of ownership and the car. He also pleaded that he had paid $1000 as the full purchase price of the automobile to one Gordon, to whom plaintiffs had delivered the car for sale, and that Gordon had given him a bill of sale therefor, representing to defendant that the certificate of title was then at Jefferson City and would be delivered at some future date. The final prayer of the answer was "that the trial court will decree that plaintiffs deliver to him said car and the deed to said car; or that the court will render judgment against plaintiffs * * * in the sum of $1000.00 * * *."

Trial was to the court without a jury and judgment was for plaintiffs on their petition in replevin; but the court rendered judgment for defendant, in the sum of $1000, and against plaintiffs. Plaintiffs have appealed from the latter judgment.

The following facts are undisputed: that plaintiffs are registered automobile dealers in St. Joseph; that one Rex Gordon is also an automobile dealer at St. Joseph; that plaintiffs bought the automobile at Kansas City, and received the certificate of ownership therefor; that thereafter they delivered the automobile, and another, to Gordon, who placed it on his sale lot; that the certificate of ownership was never delivered to Gordon but remained at all times in the possession of plaintiffs.

Plaintiff Seward testified that the automobile did not "move" as readily as he thought it should and that Gordon, whose sales lot was some distance from that of plaintiffs, was low on cars; that he permitted Gordon to take this car, and another, and place them on his lot for display, under an arrangement whereby Gordon should bring any prospective customer to plaintiffs who would complete the deal and deliver the title; that Gordon was later arrested and, upon investigation, plaintiffs learned that defendant had possession of the auto-

mobile in question. The certificate of ownership, duly assigned to plaintiffs, was in evidence. It had been in possession of plaintiffs since their acquisition of the automobile.

Defendant testified to the effect that he purchased the automobile from a salesman, on the Gordon lot; that he also talked to Gordon, at the time; that the purchase price was $1000, paid by transferring and delivering to Gordon an automobile together with certificate of title, valued at $350, and a check for $470, $20 of which was for sales tax. Defendant had previously bought and sold several automobiles and said that he knew that the law required the assignment and transfer of a certificate of ownership at the time of sale or purchase; that he was given a bill of. sale, which was in evidence. In the "bill of sale," or invoice, the following is recited: "Title in Jeff City Mail as soon' as received."

On cross-examination he admitted that he obtained insurance on the car; that he drove it 22 days before it was replevied from him; that he was asking, in his petition, that "the court give you this car back" and, "Question: You are still asking for this car back? Answer: Yes, sir."

An attempted sale of a used motor vehicle, in Missouri, without assignment and delivery of the certificate of ownership at the time, is fraudulent and void. Such a transaction as was here made is insufficient to pass title or right to possession. Riss & Company v. Wallace, 171 S. W. 2d, 641, 1. c. 644; Riss & Company v. Wallace, 195 S. W. 2d, 881, 1. c. 884; Pearl v. Interstate Securities Company, 206 S. W. 2d, 975, 1. c. 977.

In Boyer v. Garner, 15 S. W. 2d, 893, 1. c. 894, a petition was held to state a cause of action where it was alleged that plaintiff had "contracted" to purchase an automobile for $150, of which he had paid $100; that he had taken possession of the automobile and defendant agreed to assign and deliver certificate of ownership; that he had kept the automobile one month and then wrote defendant rescinding the contract and demanding return of his money. The court held that such a contract was "merely mala prohibita" and could be repudiated while it was executory, before delivery of the title, "provided he acts within a reasonable time and returns, or offers to return the automobile which he agreed to purchase, in as good condition as when he received same." In Riss & Company v. Wallace, 171 S. W. 2d, 641, 1. c. 644, the Supreme Court said of the Garner decision, "We have no criticism of the ruling in that case, * * *" but the court held, 1. c. 645: "* * * the counterclaim does not contain proper averments to recover the sums which were paid on the purchase price of the motor vehicles. Defendant, by his counterclaim, does not state that he has. tendered or will tender the vehicles back to plaintiff and, of course,. he cannot retain them and also recover the purchase price. By his

general denial he denies that he unlawfully detains the vehicles, but by counterclaim he shows that plaintiff has the legal title while he (defendant) had possession at the institution of the suit. Thus he must mean that the contract set up in the counterclaim justifies his possession and prevents it from being unlawful. That seems to be an attempt to enforce a void contract.''

This court followed the above ruling in a second appeal of that controversy, which appeal came to us. Riss & Company v. Wallace, 195 S. W. 2d, 881, l. c. 885.

In Pearl v. Interstate Securities Company, 206 S. W. 2d, 975, l. c. 977, the Supreme Court distinguished the case then before it, on the facts, from the facts in the case of Riss & Company v. Wallace, supra. It held that the above principle of law did not there apply, saying: ''However, that principle, *which is applied as between parties to an illegal contract*, is not in our opinion applicable under the facts of this case.'' (Italics ours). (Because plaintiff, in the Pearl case, was not seeking to enforce any contract as against defendant).

In the instant case defendant asserted in his petition that the sale was legal and binding and prayed that plaintiffs be compelled to deliver to him the car and the certificate of ownership; and in his testimony he said he was still demanding the car.

True, he also prayed, if he could not get the car, that he have his money back; but he did not, at any time, ''tender the car back in as good condition as it was in when he received it,'' which is necessary prerequisite to rescission of a contract of sale where the rescinding party has received something of value. Riss & Company v. Wallace, supra, 195 S. W. 2d, l. c. 886; 17 C. J. S. page 919. Having entered into an unlawful and forbidden contract defendant is required to repent and repudiate that contract else he may not have the aid of the court in recovering his loss. He cannot affirm the contract and, at the same time and in the same action, repudiate it and recover back money paid under it.

Furthermore, defendant knew that the transaction between him and Gordon was unlawful, fraudulent and void. According to plaintiffs' testimony which is wholly uncontradicted, they did not authorize any complete sale of the automobile; and we cannot hold that they clothed Gordon with implied authority to make an *unlawful* contract, and did not know until long afterward that he had done so. We cannot presume, in the absence of evidence tending to prove the fact, that plaintiffs authorized the doing of an *unlawful* act. Plaintiffs had retained the certificate of ownership and, if defendant had observed the law, he would not have lost his money, because he would have demanded delivery to him of the certificate of ownership before paying.

632

The judgment for $1000 and one half the court costs, in favor of defendant as against plaintiffs, should be reversed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment for $1000 and one half the court costs, in favor of defendant as against plaintiffs, is reversed. All concur.