Marian S. ALBRIGHT (Plaintiff), Respondent,

v.

Louise UHLIG, Administratrix of the Estate of Carl Uhlig, Deceased (Defendant), Appellant.

No. 30036.

St. Louis Court of Appeals.

Missouri.

July 8, 1958.

William L. Clinton, St. Louis, for appellant.

Robert Lee Smith, Clayton, for respondent.

HOUSER, Commissioner.

Replevin for a motor vehicle. A jury was waived. The circuit court rendered judgment for plaintiff for possession and $300 damages for detention on his petition, and for plaintiff on defendant's counerclaim. Defendant appealed.

In answer to plaintiff's conventional statement and affidavit in replevin defendant admitted possession, denied wrongful detention and tendered the vehicle in court. Defendant counterclaimed for $1,500 alleging that Contractors Service Company, agent for plaintiff, advertised and offered the vehicle for sale; purchase of the vehicle by defendant from plaintiff's agent for $1,295; payment of the full price by defendant to plaintiff's agent; acceptance of the money by Contractors Service Company as plaintiff's agent; the agent's promise to deliver the legal title to defendant and refusal by plaintiff and his agent to do so; readiness of defendant at all times to return the vehicle in the same condition as when received by plaintiff, and that defendant has requested but plaintiff and his agent have refused to refund the purchase price. Defendant prayed for a return of his money plus $205 damages.

Defendant makes the point that the court erred in finding for plaintiff on the petition and for plaintiff on the counterclaim "on the wrong theory based upon the uncontradicted testimony."

■ Plaintiff by motion seeks a dismissal of the appeal for non-compliance with 42 V.A.M.S. Rule 1.08 of the Supreme Court. The statement of facts is not exemplary and the "Points and Authorities" are no model but the question posed here for our determination is clear and should be decided upon the merits. Defendant's failure to live up to the full measure of the requirements of the rules is not serious enough to apply the penalty of dismissal.

■ We review the evidence and try the case de novo on this appeal. Plaintiff, a business man in Warrenton, owned an automobile which he wished to sell. Early in April, 1955 he approached Contractors Service Company in St. Louis to see if that company might buy the car or place it on its lot, there to be exhibited for sale to the public. It was the practice of the company to place automobiles belonging to others on its lot, where they were shown to prospective buyers and offered for sale. Plaintiff left the car with the company under an arrangement whereby the car was to remain on the company lot for a reasonable length of time within which the company could "make up their minds" to buy it from plaintiff if "they cared to" do so. It was plaintiff's intention to sell the car to the company. It was to be offered for sale on the lot for whatever price the company could get, provided plaintiff received $800. Plaintiff did not care "what they got for it." Any amount received for the car over the sum of $800 was to be kept by the company. If it wanted to purchase the car from plaintiff the company was to send $800 to plaintiff by draft, whereupon plaintiff would transfer his certificate of ownership, duly assigned to the company. Plaintiff was not to transfer title to the company until he received $800, which was to be paid by the company. Plaintiff assumed that the company would "line up a prospect" or try to sell the car and "possibly" get a down payment, and then "get the title and sell it" but plaintiff did not care whether the company had a purchaser "lined up" or not; "that was none of (his) affair;"

all plaintiff wanted was the $800. No authority was given the company to sell the car without assignment of the certificate of ownership, which plaintiff knew was necessary in order to effect the sale of a motor vehicle in this state. Plaintiff retained the possession of the certificate of ownership "at all times." On April 15, 1955 a written contract for a cash sale of the car was entered into between the company and Carl Uhlig. The contract did ·not recite that the company was the owner or seller of the car. It contained no reference to the ownership of the car, to plaintiff or his interest therein. It constituted an order for the car by Uhlig (designated as the "purchaser") and an acceptance by the company. The purchase price was $1,295. Uhlig traded in an older car for credit of $350 and paid the balance of $945 in cash. Strebler, President of Contractors Service Company, testified that he sold the car to Uhlig "for Mr. Albright," but it is evident that this was a mere conclusion on his part, for he· later testified that he was not the salesman on the deal and did not hear all of the conversation. He further testified that the money was to be paid to the company and that the company was to pay plaintiff. The money received from Uhlig was deposited in the company's account in the Trust Company of Kirkwood. The company sent plaintiff a sight draft for $800 drawn on the trust company. Plaintiff deposited the draft in a Warrenton bank, attaching thereto the certificate of ownership duly assigned to the company. The draft was returned to plaintiff, protested, and the assigned certificate of ownership was returned to plaintiff. Plaintiff at no time received payment for the car. An assigned certificate of ownership was never delivered by plaintiff to the company or to defendant. Plaintiff made numerous trips to St. Louis to see Strebler, without avail. The car was not on the company lot. Strebler refused to tell him where it was. Approximately one year passed. During that time plaintiff did not know the whereabouts of the

automobile. Finally in April,· 1956 plaintiff received· a letter from the purchaser's lawyer demanding a certificate of ownership. Plaintiff then instituted this replevin action against the purchaser. During the pendency of the litigation defendant Uhlig died. The administratrix of his estate was substituted as party defendant.

Defendant-appellant contends that the trial court misconstrued the evidence and mistakenly made his determination· upon the basis of a line of cases holding that where the certificate of ownership is not assigned to the buyer at the time the vehicle is delivered the buyer may repudiate the contract if he acts within a reasonable time and returns or offers to return the vehicle in as good condition as it was when he received it. Appellant says these cases are inapplicable; that this is simply a question of agency; that plaintiff appointed the company as his agent to sell the vehicle, to receive and collect money from the purchaser, and to make a completed sale; that payment to plaintiff's agent of the full amount of the purchase price constituted payment to plaintiff and that plaintiff cannot have both, i. e., he cannot have the proceeds of the sale of the vehicle and at the same time repossess and retain the vehicle.

■ The record does not support appellant's interpretation of the evidence. Plaintiff did not appoint the company as his agent to consummate or complete a sale of the car for and on behalf of plaintiff, or to receive and collect money for and to the account of plaintiff. Nor did plaintiff authorize the company to sell the car without the assignment of the certificate of ownership. To the contrary, plaintiff testified:

"Q. Were they (the company) to sell the car prior to your assigning the title to them? A. You can't sell a car in Missouri without a title.

\*     \*     \*     \*     \*     .\*

· "Q. But you say you gave it (the car) to them down there, but you did-·

n't give them any authority to sell it to anybody; is that right; is that what you want this Court to believe? * * * A. No, sir.

"Q. You say, Mr. Albright, you didn't give this Contractors Service Company authority to sell this vehicle, or did you? A. They had no authority to sell it without a title."

*Plaintiff retained possession of the certificate of ownership* under an express understanding that he would assign and surrender the certificate only upon receipt of $800. He expressly testified that he was intending to sell the car to the company; that he was to be paid by the company, and that he was to assign the title to the company; that he expected the company to show the car and get a prospect and assumed they would get a down payment from a purchaser, but that that was "none of his affair;" that he did not care whether the company procured a purchaser or not, as long as he received the $800, which was the only thing in which he had any interest. It is evident from this and from the whole record that plaintiff was undertaking to sell the car to the company; that the company was to be given a reasonable time within which to decide whether it wanted to buy the car; that the arrangement was that in the meantime the company, acting on its own behalf as principal and not as agent for plaintiff, would try to find a buyer, get a down payment, procure the assignment of the certificate from plaintiff to the company, and then, as owner and not as agent for plaintiff, complete the sale to the buyer. The evidence does not justify the inference that plaintiff gave the company authority to consummate or complete a sale of the car by plaintiff to a third party. Everything in the case points to the contrary. Plaintiff contemplated no sale or transfer of ownership of the car until after he had received the $800 whereupon he would deliver the assigned certificate of ownership to the company. The purpose of entrusting the possession of the car to the company was to give the company an opportunity to show the car and find a buyer at a price in excess of $800, thus enabling the company to pay plaintiff his price and to make a profit on a resale to the third party. The purpose of retaining possession of the certificate of ownership was to prevent a sale of the car by the company to a third party prior to the receipt by plaintiff of $800. The instant case cannot be distinguished from the factual situation in Fowler v. Golden, 240 Mo.App. 627, 212 S.W. 2d 93, and must be decided the same way. In Fowler, plaintiffs, the rightful owners, placed their motor vehicle upon a dealer's lot for display under an arrangement whereby the dealer would bring any prospective purchaser to plaintiffs, who would complete the deal and deliver the title. *Plaintiffs retained the certificate of ownership in their own possession.* For a consideration of $1,000 paid to the dealer the latter delivered the possession of the automobile and executed a bill of sale to defendant, promising that the title would be mailed "as soon as received." Plaintiffs brought replevin for the automobile. Defendant pleaded that he had bought the automobile from its rightful owners, plaintiffs and their agent, and had paid for it, and asked that plaintiffs be required to deliver the replevied car back to defendant together with a proper certificate of ownership, or return the $1,000. In the trial court judgment was rendered for plaintiffs on their petition and for defendant for $1,000 on his counterclaim. On appeal that part of the judgment for defendant was reversed, the Kansas City Court of Appeals holding that in the absence of evidence that plaintiffs had authorized the dealer to make a *complete* sale of the vehicle, and in the absence of a proper tender of the vehicle, the buyer could not recover from the owners the purchase price paid the dealer.

■ Purchaser Uhlig would not have lost his money had he observed the re-

quirements of § 301.210(4) RSMo 1949, V.A.M.S. and demanded delivery to him of a duly assigned certificate of ownership at the time he took delivery of the car, and before he paid out his money. Payment of the purchase price without first obtaining an assignment of the certificate of ownership was a payment made at his peril.

 The judgment for plaintiff for possession and damages was correct and proper. Plaintiff had legal title, which he had not assigned and delivered to any other person, and had the right to possession as against defendant. Payne v. Strothkamp, Mo.App., 153 S.W.2d 402; Quinn v. Gehlert, Mo.App., 291 S.W. 138. Defendant had no title and no right to possession as against plaintiff because the so-called sale which formed the basis of defendant's claim was fraudulent and void by force of § 301.210(4), supra, no assigned certificate of ownership having passed with the car at the time of delivery. Weaver v. Lake, Mo.App., 4 S.W.2d 834. Plaintiff was entitled to an award of $300 damages under the uncontradicted evidence that the car had been out of his possession for approximately one year, had been driven 10,000 miles and had depreciated in value to the extent of $300.

 The judgment for plaintiff on defendant's counterclaim for refund of the purchase price was correct and proper. Fowler v. Golden, supra. Before assignment and delivery of a proper certificate of ownership defendant-buyer would have had a right to repudiate his contract with the company and to recover from the company the consideration with which he parted, provided he acted within a reasonable time and returned or offered to return the car in substantially as good condition as it was when he received it. Kesinger v. Burtrum, Mo.App., 295 S.W. 2d 605, and cases cited loc. cit. 609, footnote 10. He had no such right as against plaintiff, however, because he had no contract with plaintiff or with an agent of plaintiff. Even if he had established the existence of such a contract there is no proof in this record that he tendered the car in proper time or in proper condition. The evidence, which we have reviewed, is to the contrary. This would not have been sufficient as a valid repudiation. Smith v. G. F. C. Corp., Mo.App., 255 S.W.2d 69; Kesinger v. Burtrum, supra; Winscott v. Frazier, Mo.App., 236 S.W. 2d 382.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

RUDDY, P. J., and ANDERSON and WOLFE, JJ., concur.