In the Matter of Glenn George GOWEN, formerly d/b/a Valley Service Station or R & D Service, Bankrupt.

Bourbon Cooperage Company, Petitioner for Review of Referee's Order of June 12, 1970.

In the Matter of Glenn George GOWEN, No. 69 B 1448 (A).

United States District Court, E. D. Missouri, E. D.

Jan. 15, 1971.

Hale W. Brown, Kirkwood, Mo., for Glenn George Gowen.

Curtis L. Mann, St. Louis, Mo., for trustee, Sheldon D. Grand.

J. Richard Roberts, Dearing, Richeson, Roberts & Wegmann, Hillsboro, Mo., for Bourbon Cooperage Co., petitioner.

## MEMORANDUM OPINION

HARPER, District Judge.

This matter is before the court on the motion of Bourbon Cooperage Company to present additional evidence. Prior to the above motion, Bourbon filed a petition for review in order to have this court set aside the decision of the referee in bankruptcy. As grounds for the above-mentioned motion, Bourbon contends the following: First, the referee's summary of evidence is incomplete; second, the referee's conclusions are not supported by the evidence; and third, the trustee in bankruptcy introduced irrelevant evidence at the bankruptcy hearing. It is the opinion of this court that none of Bourbon's contentions form a basis for the relief prayed for in its motion.

■ The decision to admit additional matter into evidence rests solely within the discretion of this court. In Equitable Life Assur. Soc. of United States v. Carmody, 131 F.2d 318, 323 (8th Cir. 1942), the Eighth Circuit Court of Appeals addressed itself to the issue now before this court, and stated:

"Appellant's final contention is that the District Judge erred in refusing to receive additional evidence on the review. On a review of a Conciliation Commissioner's order in a proceeding such as this, the parties are not entitled to a trial de novo in the District Court, either in whole or in part, as a matter of right *and whether additional evidence will be received in connection with such a review is a matter solely for the discretion of the District Court.*

"We have no right to require the District Court in such a situation to hold a de novo trial, either in whole or in part, unless there are such exceptional circumstances involved as to constitute the refusal a clear abuse of judicial discretion." (Emphasis added.)

In light of *Carmody,* this court will examine the three reasons that Bourbon has presented to support its motion.

■ First, Bourbon claims that the referee's summary of the evidence is incomplete. However, such a contention overlooks the obvious. Two hearings were held by the referee in bankruptcy. As to the first hearing, the attorneys for both parties agreed in writing that the referee's summary "is an accurate summary of the testimony heard in the case." As to the second hearing, a court reporter was present. In view of these circumstances, there is no merit to the first contention.

■ Second, Bourbon contends that there is no evidence to support the referee's decision. However, this serves as no basis for the relief requested by this motion. Rather, such a contention must be reserved and addressed to this court's review of the referee's decision. See Shainman v. Shear's of Afton, Inc., 387 F.2d 33, 37 (8th Cir. 1967).

■ Third, Bourbon then claims that the evidence presented by the trustee at the second hearing was irrelevant to the major issue before the bankruptcy court. For the purpose of this motion if we assume this to be true, such a contention

is not relevant to the relief requested in this motion.

■■ *The function of this court is to review* the actions and findings of the referee in bankruptcy, and to ascertain from a review of the record whether such findings of the referee are clearly erroneous. Bourbon presents no valid reasons to support its requested relief. The District Court is not a court of first impression for bankruptcy matters.

Accordingly, the motion of the Bourbon Cooperage Company to present additional evidence is denied, and the clerk will prepare and enter the proper order to that effect.