**In the Matter of Robert Stephen SCHALK, Bankrupt.**

**Curtis L. MANN, Trustee, Plaintiff**

v.

**BELLE–BLAND BANK, Defendant.**

**No. 77–1341 C (1).**

United States District Court,
E. D. Missouri, E. D.

May 12, 1978.

· W. Dudley McCarter, St. Louis, Mo., for plaintiff.

Maureen Swihart, St. Louis, Mo., for defendant.

MEMORANDUM

MEREDITH, Chief Judge.

This matter comes before the Court on the appeal of the Trustee of an order by the Bankruptcy Court denying his claim for turnover or damages for conversion of a trailer. For the following reasons the order of the Bankruptcy Court will be affirmed.

The Bankruptcy Referee has filed his findings of fact, which are fully supported by the record. The Court is bound to accept his findings, unless clearly erroneous. Rule 810, Rules of Bankruptcy Procedure, 11 U.S.C.; *In re Gowen,* 328 F.Supp. 789 (E.D.Mo.1971); *First Nat. Bank of Clinton v. Julian,* 383 F.2d 329 (8th Cir. 1967). The following facts were transmitted to the Court in the Referee's record on appeal.

On July 23, 1971, Lancer Industries, Inc., sent V. L. Long Mobile Homes, Inc., of Waynesville, Missouri, a "manufacturer's statement or certificate of origin" on a 1972 Lancer trailer. On November 22, 1972, Long sold the trailer covered by that statement of origin to Lenora R. Limberg for $10,474.80, the purchase price being financed by defendant Belle Bland Bank. Limberg signed a note and security agreement purportedly giving Belle Bland Bank a security interest in the trailer. Limberg took possession of the trailer and began making monthly payments.

On October 18, 1973, Limberg and the bankrupt, Robert Schalk, executed an agreement prepared on defendant's bank stationery, which purported to "assign" or "sell" the trailer to the bankrupt. Schalk tendered $1,000.00 to Limberg and agreed to take over the payments required under her agreement with Belle Bland Bank. Limberg's liability to the bank was not affected.

Schalk then took possession of the trailer and began to make monthly payments. Although Schalk understood that he owned the trailer, Limberg never assigned a certificate of title, which is required by section 301.210, R.S.Mo., to pass legal title.

On October 26, 1973, Long Mobile Homes, which apparently had failed to timely assign the first purchaser, Limberg, a title as it was required to do by law, finally assigned the "certificate of origin" to the trailer to Limberg. The certificate falsely represented the date of sale as October 26, 1973. On October 31, 1973, Limberg filed a title application for an original title with the Missouri Department of Revenue showing Belle Bland Bank as the first lienor.

On November 8, 1973, an original title was issued and mailed to the Bank, showing the Bank as the first lienor as of October 26, 1973. Why Long, Limberg, or the Bank never sought the title application in the fall of 1972 is unexplained.

On October 8, 1976, Schalk initiated bankruptcy proceedings. The trailer was repossessed by Belle Bland Bank in March of 1976, with approximately $8,000.00 still due and outstanding on the original note.

Under section 70(a) of the Bankruptcy Act, 11 U.S.C. § 110(a), the trustee is vested with whatever title to personal property the bankrupt possessed as of the date of filing of the petition in bankruptcy. Section 70(c) of the same Act gives the trustee the rights of a lien creditor as of the date of bankruptcy. Therefore, the trustee would have priority over any unperfected security agreements as of the date of bankruptcy. § 400.9–301(1)(b), R.S.Mo.1969. These are the two arguments essentially advanced by the trustee.

The trustee's first position is that he is vested with title to the trailer under section 70(a), since legal title passed to Schalk on October 18, 1973, because Belle Bland Bank had not perfected its security interest under the security agreement with Limberg. Although at the time of the agreement between Schalk and Limberg the Bank had no secured interest in the trailer, *Pearl v. Interstate Securities Co.,* 357 Mo. 160, 206 S.W.2d 975, (1947), *World Investment Co. v. Kolburt,* 317 S.W.2d 697 (Mo.App.St.L.1958), the Bankruptcy Court correctly decided that Schalk also took no title because the seller (Limberg) failed to deliver a properly executed assignment of title. In that regard, subsection 4 of section 301.210, R.S.Mo., provides in part that:

"the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void."

It is clear that Limberg's failure to properly endorse and assign a title to the trailer to Schalk gave him no title whatsoever and

rendered the attempted sale void. See *Case v. Universal Underwriters Ins. Co.,* 534 S.W.2d 635, (Mo.App.Spfld.1976); *Kahn v. Lockhart,* 392 S.W.2d 30, (Mo.App.K.C. 1965); *Fowler v. Golden,* 240 Mo.App. 627, 212 S.W.2d 93, (K.C.1948). Since Schalk took no title under the agreement of October 18, 1973, the trustee can have no title under section 70(a).

■ In the alternative, the trustee contends that, even if Schalk took no title because of section 301.210, he did receive an equitable right to compel the seller to convey the title. As authority for this argument, appellant cites *Hadley v. Smith,* 268 S.W.2d 444, (Mo.App.Spfld.1954), wherein the Court stated:

"where the purchaser does not receive title from the buyer he may rescind the contract and sue for the purchase price." Id. at page 450.

The Bankruptcy Court decided that whatever equitable interest the bankrupt may have had, it would be subordinate to a validly perfected security interest.

Section 70(c) vests the trustee with status as a lien creditor as of the date of the petition in bankruptcy. *Commercial Credit Corp. v. Skutt,* 341 F.2d 177, (8th Cir. 1965). At the date Schalk filed his petition in 1976, Belle Bland Bank had already perfected its security interest in the trailer by virtue of the title application and issuance in October of 1973.

Under section 301.600(2), a lien on a trailer is perfected by delivery of the certificate of ownership to the Director of Revenue. This was done in October of 1973. Therefore, the Bank's security interest, perfected in 1973, is protected from a hypothetical lien creditor under section 70(c) in 1976.

It is, therefore, the opinion of this Court that the Bankruptcy Court properly denied the trustee's complaint for turnover or damages. Accordingly, that order will be affirmed.