**In re Nick MIRANDA and Barbara Miranda, Debtors.**

**Mark BERNSTEIN and Cleaning by House Beautiful, Inc., Plaintiffs,**

v.

**Nick MIRANDA and Barbara Miranda, Defendants.**

**Bankruptcy No. 90–42217–293. Adv. No. 92–4326.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 9, 1993.

---

Gordon L. Ankney, St. Louis, MO, for plaintiffs.

Timothy H. Battern, St. Louis, MO, for defendants, debtors.

A. Thomas DeWoskin, St. Louis, MO, trustee.

James S. Cole, St. Louis, MO, Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

Mark Bernstein and Cleaning By House Beautiful, Inc. filed a two count Complaint To Determine Dischargeability of Debt on July 28, 1992. On November 16, 1992, the parties filed a Joint Stipulation of Facts, and on that same date Plaintiffs filed their Trial Brief and Defendants filed their Proposed Findings of Facts and Conclusions of Law. On November 17, 1992, Plaintiffs filed their Proposed Findings of Facts and Conclusion of Law and Trial Brief. A hearing was held on January 6, 1993.

### FACTUAL BACKGROUND

Upon consideration of the Joint Stipulation of Facts, Plaintiffs' Trial Briefs and Proposed Findings of Facts and Conclusion of Law, Defendants' Proposed Findings of Facts and Conclusion of Law and the evidence adduced at trial, the Court makes the following findings of fact:

1. Mark Bernstein is an individual residing in St. Louis County, Missouri.

2. Cleaning By House Beautiful, Inc. is a corporation organized and existing pursuant to laws of the State of Missouri and presently in good standing.

3. Mark Bernstein is the owner and president of Cleaning by House Beautiful, Inc.

4. M & M Auto Imports, Inc. was a corporation organized pursuant to the laws of the State of Missouri, doing business as Classic Auto Imports, which has its corporation rights and privileges forfeited on April 21, 1986.

5. Nick Miranda ("Miranda") and Barbara Miranda are individuals residing in St. Louis County, Missouri and lawfully married to each other. Nick Miranda is also known as Nicholas Miranda.

6. Miranda was the principal shareholder and president of M & M Auto Imports, Inc.

7. On October 21, 1985, Mark Bernstein, on behalf of Cleaning by House Beautiful, entered into a sales agreement with Miranda on behalf of Classic Auto Imports, to purchase a 1984 BMW 633csi for a total sales price of $30,000. As part of the purchase price, Mark Bernstein traded in a 1984 BMW 318i with an allowance of $13,500. The remaining $16,500 of the sales price was paid to Classic Auto by check.

8. On October 21, 1985, or shortly thereafter, Mark Bernstein took possession of the 1984 BMW 633csi but was not given the legal title at that time or any other time.

9. The 1984 BMW 633csi was delivered to Miranda in July of 1985 by Tom Lange as part of a purchase agreement for a 1979 Rolls Royce. The title to the 1984 BMW 633csi was never delivered to Miranda or Classic Auto Imports. As part of the agreement between Tom Lange and Miranda, the title to the 1984 BMW 633csi was to be delivered to Miranda when Miranda completed payment of $30,000. Miranda never made the $30,000 payment and never received the title to the 1984 BMW 633csi.

10. On April 24, 1986, Tom Lange Company, Inc. filed a Petition in Replevin with the Circuit Court for the County of St. Louis, State of Missouri, entitled *Tom Lange Company, Inc. v. Mark Bernstein,* Cause No. 54621. As a result of the trial of the Petition in Replevin and the related third party claims, it was judicially determined that the lawful owner of the 1984 BMW 633csi was Tom Lange, Inc. The Court further determined that the sale to Cleaning By House Beautiful, Inc. by Miranda violated Section 301.210 of the Missouri Statutes (Revised) and was therefore fraudulent and void.

11. Miranda asserted that the majority of the cars he sells are on consignment and, therefore, Bernstein should have realized that Miranda did not own nor have title to the BMW 633csi. However, at no time did Miranda advise Bernstein that he did not have title to the BMW 633csi or that he would have to deliver $30,000 to Tom Lange to obtain the title, nor were there any signs or documents that would have warned a potential buyer that this car was on consignment.

12. Miranda further failed to advise Bernstein that he would have to sell Bernstein's BMW 318i trade-in vehicle before he could raise the $30,000 necessary for the release of the title.

13. Miranda subsequently obtained the title to Bernstein's BMW 318i from Commerce Bank without exchanging the title to the BMW 633csi.

14. Miranda represented to Bernstein that he had exchanged titles with Commerce Bank. Relying upon this representation, Bernstein signed over his title to the BMW 318i.

15. Miranda then sold the BMW 318i to a third party, but failed to receive payment. As a result, he was unable to pay Lange the $30,000 necessary to obtain title to the BMW 633csi. Lange subsequently filed a replevin action in the Circuit Court of St. Louis County and was judicially determined to be the lawful owner of the BMW 633csi in question.

16. Barbara Miranda had no connection with M & M Auto Imports, Inc. or Classic Auto Imports, nor did she play any role in the sale of the BMW 633csi to Bernstein.

DISCUSSION

Plaintiffs contend that a discharge should be denied to both Nick Miranda and Barbara Miranda pursuant to 11 U.S.C. § 523(a)(2)(A) because said debt arose as a result of fraud. Barbara Miranda, however, played no role in the operation or management of either M & M Auto Imports, Inc. or Classic Auto Imports. In fact, Barbara Miranda was not an officer, director, shareholder or even employee of either company. Her sole contact with Bernstein

consisted of a short conversation the two had while Barbara Miranda was waiting in the show room of Classic Auto Imports to go to lunch with her husband. This conversation was not a sales pitch intended to persuade Bernstein to purchase the BMW 633csi, but was merely a friendly discussion to pass the time. Accordingly, as to the defendant Barbara Miranda, ALL COUNTS of the Plaintiffs' Complaint To Determine Dischargeability of Debt are DISMISSED and further I find that Barbara Miranda should receive a discharge of her indebtedness to Bernstein.

■ Miranda's situation, however, is completely different. Miranda is an owner and employee of both M & M Auto Imports, Inc. and Classic Auto Imports, and was the individual who persuaded Bernstein to purchase the BMW 633csi. Exactly what was said by Miranda was disputed at trial. Miranda claimed that he informed Bernstein that he did not hold title to the BMW 633csi and was selling the car on consignment. On cross examination, however, Miranda admitted that in a deposition which took place five years ago, he was unable to recall whether or not he told Bernstein who held title to the BMW 633csi.[1] The Plaintiffs' attorney pursued the line of questioning:

"So five years ago you didn't recall whether or not you told Mr. Bernstein where the title to that car was?"

Miranda very casually responded:

"On this particular date that's what I said."

Plaintiff's attorney continued:

"Page 46, Line 25, let me see if you recall this testimony:

Attorney: So, Mark Bernstein knew that until you collected on his car you could not deliver title to him on the 633?

Miranda: Well no, I'm not certain he knew that.

Attorney: Did you have conversations along that line?

Miranda: I don't recall that I did.

Attorney: I drew the impression from your testimony, that he was aware of that.

Miranda: No, I don't think I specifically said to him, and I don't recall. Again, I may have; I just simply don't recall.

Attorney: Well you were just sort of stringing Mr. Bernstein out until you could collect the cash on the sale of the 318 that he had brought in. I don't like to use that term.

Miranda: I don't either, but basically that's right.

Attorney: So you did testify in 1987 that you were stringing Mr. Bernstein along and you don't recall ever telling him who owned the car, where the title was, or that you had to get the money before you could get the title released, is that correct, what you testified in 1987?

Miranda: In 1987, yeah, that appears to be right."

It was further revealed during cross examination that there were no signs or notices of any kind to alert a potential buyer that the BMW 633csi was being sold on consignment.

This case hinges on the credibility of Bernstein and Miranda. After observing Miranda's demeanor and considering the inconsistencies of his replies between his answers five years ago and during the present trial, I do not find Miranda's testimony to be credible in this case. His nonchalant response that "on this particular date that's what I said", left me with the distinct impression that he was guided by the principles of expediency and not the truth. In contrast, I have considered Bernstein's demeanor and responses and have no reason or basis to doubt his testimony. Accordingly, where there is a conflict between the testimony of Bernstein and Miranda, I accept Bernstein's recollection as true and correct.

Having credited Bernstein's testimony, it is obvious that Miranda should be denied a discharge pursuant to § 523(a)(2)(A) of the

---

1. Miranda had given his deposition for litigation between Tom Lange Company, Inc. v. Bernstein and third party lawsuit between Cleaning By House Beautiful v. Tom Lange and separate lawsuit of *Commerce Bank v. Cleaning By House Beautiful, Inc.* in May of 1987.

Bankruptcy Code. That section denies a discharge of any debt which arises out of false representations or actual fraud. In the present case, Miranda told Bernstein that the titles to the BMW 318i and BMW 633csi had been exchanged at Bernstein's bank. This statement was false and Miranda knew that this statement was false when he made it. The statement was made solely to induce Bernstein to sign over the title to his BMW 318i to a third party to whom Miranda had sold the car. Bernstein obviously relied on Miranda's statement that the titles had been exchanged, which is evidenced by the fact that Bernstein signed over the title to his BMW 318i to the third party. As a direct result of this reliance, Bernstein lost both his down payment on the BMW 633csi and his BMW 318i. Therefore, this court finds that, based on these facts, Miranda should be denied a discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

 Nevertheless, Miranda goes on to argue in the alternative that even if the above facts as recited by Bernstein are true, he is still entitled to a discharge because Bernstein violated § 301.210(4) R.S.Mo. which states:

> "It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless, at the time of the delivery thereof, there shall pass between the parties such certificates of ownership with an assignment thereof, as provided in this section, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void."

By purchasing the BMW 633csi without receiving a certificate of title, Bernstein violated § 301.210(4) R.S.Mo. Miranda argues that because of this violation Bernstein should now be prohibited from complaining that he was harmed by the deal. To support this contention, Miranda cites to *Albright v. Uhlig*, 315 S.W.2d 471 (Mo.App. 1958). What Miranda fails to mention is that he was equally guilty of violating the statute in question. Miranda also failed to

mention that the statute was enacted to prevent trafficking in stolen vehicles, to aid in the apprehension of criminals and to protect the innocent from the machinations of the wicked, *State v. Glenn*, 423 S.W.2d 770 (Mo.1968). However, the court in *Albright* did not forget these facts and as a result held that an individual who purchases an automobile without receiving a certificate of title has the right to repudiate his contract with the seller and recover his consideration. *Albright* at 475. Miranda, apparently ignoring these facts, now asks this court to interpose the bankruptcy code between Bernstein and his sole means of recovery from Miranda's fraudulent acts. That is a request this court is simply unwilling to accept.