TINA M. PENNINGTON, )
 )
 Appellant, )
 ) No. SD37144
 vs. )
 ) Filed: January 11, 2022
BRANDON WILSON and )
KRIS WILSON, )
 )
 Respondents. )

 APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

 Honorable David B. Mouton, Judge

AFFIRMED

 Tina Pennington sued her neighbors, Respondents (“Wilsons”), when their

contractor cleared trees and brush on Pennington’s side of the property line. She did not

name the contractor as a defendant. At the bench trial, the contractor admitted he cleared

brush and some small trees on Pennington’s property, and that his bulldozer struck some

of her railroad ties. Nevertheless, the trial court denied Pennington’s petition, finding she

had presented evidence of some damages but no credible evidence the Wilsons were

legally responsible for the damages.

 Pennington’s appeal presents two claims of error: (1) that the court misapplied the
law of agency, and (2) that the court’s determination as to damages was against the weight

of the evidence.1 We affirm.

 Principles of Review
 Rule 84.13(d), Missouri Court Rules (2012), and Murphy v. Carron, 536 S.W.2d

30 (Mo. banc 1976), govern our review. “We are required to affirm the trial court's

judgment unless it is not supported by substantial evidence, it is against the weight of the

evidence, or it erroneously declares or applies the law.” McDermot v. Doner, No.

SD36775, slip op. at *7 (Mo.App. Oct. 14, 2021), reh'g and/or transfer denied (Nov. 2,

2021) (citing Murphy, 536 S.W.2d at 32); accord Karney v. Dep’t of Labor & Indus.

Relations, 599 S.W.3d 157, 161 (Mo. banc 2020). Where a party asserts a misapplication

of law claim, we review the trial court’s legal conclusions and application of law to the

facts de novo. Empire Dist. Elec. Co. v. Scorse as Tr. Under Tr. Agreement

Dated November 17, 1976, 620 S.W.3d 216, 224 (Mo. banc 2021).

 “When evidence is contested by disputing a fact in any manner, this Court defers

to the trial court’s determination of credibility.” White v. Dir. of Revenue, 321 S.W.3d

298, 308 (Mo. banc 2010). Only when the evidence is uncontested do we give no

deference to the trial court’s findings. Id. To prevail on appeal in such a circumstance,

the appellant would have to show the evidence presented compelled the trial court to find

in their favor as a matter of law and no reasonable trier of fact could have concluded

otherwise. See Empire Dist. Elec. Co., 620 S.W.3d at 227-28.

 Discussion

 Appellant first argues the trial court erroneously applied the law when it found no

1 The Wilsons did not file a brief on appeal.
 While they are not required to file a brief, the failure to do so
ensures that we will review the claimed errors without the benefit of whatever argument they may have
presented. Turner v. Missouri Dep’t of Conservation, 349 S.W.3d 434, 438 n.1 (Mo.App. 2011).

 2
credible evidence of a principal-agent relationship between the Wilsons and their

contractor.

 “Agency is the fiduciary relationship resulting from the manifestation of consent

by an agent to a principal that the agent will act on the principal’s behalf and subject to

his control.” Bach v. Winfield-Foley Fire Prot. Dist., 257 S.W.3d 605, 608 (Mo.

banc 2008) (citing RESTATEMENT (SECOND) OF AGENCY § 1 (AM. L. INST. 1958)). A

“principal must have the ‘right to control’ the agent.” Id. Conversely, “An independent

contractor is one who contracts with another to do something for him but is neither

controlled by the other nor subject to the other’s control with respect to his physical

conduct in the performance of the undertaking.” Tom Lange Co., Inc. v. Cleaning

by House Beautiful, 793 S.W.2d 869, 871 (Mo.App. 1990) (citing RESTATEMENT

(SECOND) OF AGENCY § 2 (AM L. INST. 1957)). While a principal may be responsible for the

acts of her agent undertaken with actual authority, Bach 257 S.W.3d at 608, “[a]

principal is generally not responsible for the wrongs committed by the independent

contractor.” Tom Lange Co., Inc., 793 S.W.2d at 871.

 Agency is not presumed, World Res., Ltd. v. Utterback, 943 S.W.2d 269, 271

(Mo.App. 1997), but agency and the agent’s authority often are implied by proof of facts,

circumstances, and conduct of the party to be charged. Peoples Nat’l Bank, N.A. v.

Fish, 600 S.W.3d 273, 279 (Mo.App. 2020). The existence of an agency relationship

generally is a question of fact, not a question of law. West v. Sharp Bonding Agency,

Inc., 327 S.W.3d 7, 11 (Mo. App. 2010). Pennington had the burden to prove that the

Wilsons’ contractor was acting as their agent when he cleared the brush and trees on

Pennington’s property. Utterback, 943 S.W.2d at 271.

 Here, the Wilsons contested the allegation of agency by denying it in their answer

 3
and by cross-examining Pennington’s witnesses who testified on this issue. Proof on this

contested fact issue involved witness testimony and the party with the burden of proof

lost. What we said in Black River Elec. Coop. v. People’s Cmty. State Bank bears

repeating here:

 [A] fact-finder always can disbelieve all or any part of the evidence, just as
 it always may refuse to draw inferences from that evidence. Credible,
 believable, even uncontradicted proof of evidentiary facts may not prove a
 contested issue of ultimate fact to the fact-finder’s satisfaction. A party with
 the burden of proof cannot merely offer a submissible case; it must convince
 the fact-finder to view the facts favorably to that party. This is because
 evidence never proves any element until the fact-finder says it does.

466 S.W.3d 638, 640 (Mo.App. 2015) (internal quotation marks and citations omitted).

 Because the issue was contested, we must defer to the trial court’s assessment of

witness credibility, particularly on a fact-intensive issue such as agency. There was no

evidence the Wilsons themselves damaged Pennington’s land and no credited evidence

the Wilsons’ contractor acted as their agent rather than as an independent contractor.

With no credited evidence to substantiate an agency claim on which Pennington bore the

burden of proof, the trial court did not err in declaring or applying the law as it did. Point

I is denied.

 Given our disposition of Point I, no purpose would be served in analyzing Point II.

The named defendants are not liable for whatever damages Pennington may have

suffered, regardless of their extent. Point II is denied. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFERY W. BATES, J. – CONCURS

 4